[No. 14631.    Department One. — November 4, 1892.]

## A. C. DIGGINS, RESPONDENT, v. THOMAS D. THORNTON, APPELLANT.

DISMISSAL OF ACTION — UNREASONABLE DELAY IN SERVICE OF SUMMONS. — A delay of nine years after the commencement of an action before the service of summons upon the defendant is grossly unreasonable, and is ground for the quashing of the summons and the dismissal of the action, in the absence of a showing of the proper exercise of diligence in the service of the summons.

ID. — INSUFFICIENT SHOWING OF DILIGENCE. — An affidavit of the clerk of plaintiff's attorney, which sets out certain steps in attempting to locate the residence of the defendant, but fails to state at what time such steps were taken, and which discloses a successful search made in the recorder's office shortly before the service of the summons, is insufficient to excuse the delay of nine years in the service.

ID. — PRESUMPTION AGAINST DILIGENCE. — In the absence of a showing to the contrary, it must be presumed that the steps taken to ascertain the defendant's residence were carried on about the date of the successful search made in the recorder's office.

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing to quash a summons and dismiss an action.

The facts are stated in the opinion of the court.

*J. K. Johnson*, for Appellant.

The delay in the service of summons was unreasonable. (Code Civ. Proc., sec. 581, subd. 7, amended 1889; *Dupuy* v. *Shear*, 29 Cal. 238; *Carpentier* v. *Minturn*, 39 Cal. 450; *Eldridge* v. *Kay*, 45 Cal. 49; *Lander* v. *Fleming*, 47 Cal. 614; *Grigsby* v. *Napa County*, 36 Cal. 585; 95 Am. Dec. 213.)

*J. M. Wood*, for Respondent.

The COURT. — This appeal is taken from an order of the court refusing to quash a summons and dismiss an action by reason of unreasonable delay in the serving of defendant. The complaint had been filed some nine years when the summons was served. In the absence of a showing of the proper exercise of diligence in the service of the summons, the motion to quash and dis-

miss the action should have been granted, for the delay, of itself, was grossly unreasonable.

To defeat the motion, respondent offered an affidavit of the clerk of his attorney, but we think it entirely insufficient to accomplish such result. While the affidavit sets out certain steps that he took in attempting to locate the residence of appellant, it entirely fails, and it would seem intentionally fails, to state at what time affiant was engaged in taking these steps. We are unable to say but that he was guilty of gross laches by not beginning his search for appellant sooner than he actually did. He does allege that early in December, 1890, in pursuance of his search for appellant, he examined the index to deeds in the recorder's office, and there his search came to a successful end. If his previous efforts in prosecuting the matter were carried on at about that date, and in the absence of a showing to the contrary we assume that to be the fact, then respondent was guilty of such negligence as to entitle appellant to a dismissal of the action.

Let the judgment be reversed and cause remanded, with directions to the trial court to quash the summons and dismiss the action.