100  511
115  628

[No. 15395.   Department Two.—December 26, 1893.]

## WILLIAM F. MURRAY, APPELLANT, *v.* JOHN GLEESON, RESPONDENT.

SERVICE OF SUMMONS—TIME LIMITED—CONSTRUCTION OF CODE—REASONABLE DILIGENCE.—Subdivision 7 of section 581 of the Code of Civil Procedure, which provides that an action shall be dismissed "unless summons shall have been issued within one year and served and return thereon made within three years after the commencement of said action," does not limit the time for service of the summons to one year after the commencement of the action, but fixes the extreme limit of time both for the service of summons and the return of summons at three years; but the question as to whether there has been reasonable diligence in making the service within the time limited is left an open one to be considered and decided by the court upon the facts of each particular case

APPEAL from a judgment of the Superior Court of Contra Costa County.

The facts are stated in the opinion.

*J. W. Harding,* for Appellant.

*G. W. Bowie,* and *A. H. Griffith,* for Respondent.

BELCHER, C.—This is an action to foreclose a mortgage on real property.

The complaint was filed and the summons issued on December 26, 1891. The summons was served upon the defendant on April 3, 1893, and on the 12th of that month defendant served notice upon the plaintiff that he would, on May 1, 1893, move the court to dismiss the action, on the ground that the summons was not served within the time required by law. At the time named

the motion was heard by the court and taken under advisement until the 15th of the same month, when the motion was granted and judgment entered dismissing the action solely "on the ground that the summons was not served within one year after the commencement of the action." From this judgment the plaintiff appeals.

The action of the court was based upon subdivision 7 of section 581 of the Code of Civil Procedure, which was added to the code by an amendment made in 1889, and reads as follows:

"And no action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have been issued within one year, and served, and return thereon made within three years after the commencement of said action, or unless appearance has been made by the defendant or defendants therein within said three years."

The respondent contends that this language, when properly construed, means that the summons must be both issued and served within one year after the complaint is filed, and whether this be so or not is the only question presented for decision.

Prior to the amendment in question the statute provided that the summons must be issued within one year after filing the complaint, but there was no express limitation as to the time within which service and return must be made. It was, however, held that the service must be made within a reasonable time, and if not so made that it was ground for a dismissal of the action. (*Grigsby* v. *Napa Co.*, 36 Cal. 585; 95 Am. Dec. 213; *Carpentier* v. *Minturn*, 39 Cal. 450; *Eldridge* v. *Kay*, 45 Cal. 49; *Lander* v. *Fleming*, 47 Cal. 614; *Diggins* v. *Thornton*, 96 Cal. 417.)

In the case first cited the summons was served about

two years and eight months after it was issued.   A motion to dismiss the action for want of prosecution was made, and granted, on the ground that the delay was unreasonable.   On appeal the order was affirmed.   In the case last cited the complaint was filed about nine years before the summons was served.   A motion to dismiss was made, and denied.   On appeal it was held that the delay was grossly unreasonable and was ground for dismissing the action, in the absence of a showing of the proper exercise of diligence in the service of the summons.   The order was reversed.

If respondent's construction is correct, then, while the summons must be issued and served within a year, the return may be delayed for two years or more thereafter. But this, in our opinion, is not the meaning of the statute, and was never intended by the legislators who passed it.   Section 406 of the Code of Civil Procedure provides that the summons may be issued *at any time* within one year after the complaint is filed.   It may therefore be issued on the last day of the year, and at that time the defendant may be at a distance, or may conceal himself to avoid service.   When the defendant is found and actually served, the court acquires jurisdiction of his person, and thereafter no great length of time can be required for making the return.   To construe the statute, therefore, as requiring the service to be made within a year and the return within three years would be unreasonable and absurd.   In our opinion one of the obvious purposes in adopting the amendment was to fix three years as the limit of time beyond which no service or return could be made, thus meeting and removing an uncertainty which had before existed. The question, however, as to whether there has been reasonable diligence in making the service within the time limited is left an open one to be considered and decided by the court upon the facts of each particular case.   (See *Kreiss* v. *Hotaling*, 99 Cal. 383.)

It follows that the court erred in granting the defend-

C. CAL.—33

ant's motion, and that the judgment should be reversed and the cause remanded.

SEARLS, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion, the judgment is reversed and the cause remanded.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.