CASTRO et al. v. CITY AND COUNTY OF SAN FRAN-
CISCO et al.

No. 15,029; March 2, 1894.

35 Pac. 1035.

**Dismissal of Suit for Delay in Prosecution.**—It is within the
sound discretion of the lower court to dismiss an action for inexcusable
delay in failing, for two years after the commencement of the action,
to serve defendant with process.

APPEAL from Superior Court, City and County of San
Francisco; William T. Wallace, Judge.

Action by one Castro and others against the city and county
of San Francisco, one Barkley and others. From an order dis-
missing the action on motion of defendant Barkley, plaintiffs
appeal. Affirmed.

D. L. Smoot for appellants; John Lord Love for respondent.

PATERSON, J.—This is an action against the city and
county of San Francisco and a large number of individuals
to declare that the city and county of San Francisco, and
those claiming under it, are trustees of the plaintiffs as to the
property described in the complaint, and for an accounting
of the rents, issues and profits of the same. The appeal is
from an order of the superior court dismissing the action.
The ground of the motion for a dismissal was want of ordi-
nary diligence in prosecuting the action. The affidavit of the
defendant Barkley showed that the action was commenced on
the nineteenth day of June, 1889, but that he was never served
with process until the seventeenth day of November, 1891; that
no diligence had been exercised to serve him prior to said
seventeenth day of November; that he had for several years
prior thereto continuously resided on the premises described
in the schedule, and had for two years been employed as a
bookkeeper for the Pacific Bridge Company, at No. 4 Cali-
fornia street, in the city and county of San Francisco, where
he could have been found at any time during business hours.
The affidavit further stated that plaintiffs' claim was a

"shadowy cloud in the minds of some persons when property within the boundaries of the premises embraced in said complaint are sold or mortgaged"; and that it was not the intention of the plaintiffs to bring the cause on for trial "so long as they can get one dollar a front foot from persons who happen to want to sell or mortgage, and desire the cloud removed." The plaintiffs filed a counter-affidavit, denying the statement that they did not intend to bring the cause on for trial, or that they had failed to prosecute their action with reasonable diligence; and alleging that the pendency of the action had been widely advertised in the public print, and that the delay had been caused by reason of the great number of defendants and expense of serving them with process; that a large number of defendants had been promptly served with the summons, but a motion to quash the same for clerical misprision had been granted, which caused delay; that the defense set up by the city and county and other defendants would test the merits of plaintiffs' case, and, if the former should prove successful, the benefit would fall to all of the defendants, whether served with process or not.

It is claimed by appellant that the court had no power to dismiss as to respondent Barkley, because he was served with process within three years after the complaint was filed, and section 581, subdivision 7, Code of Civil Procedure, as amended by the act of March 19, 1889, is cited in support of the contention; but in Kreiss v. Hotaling, 99 Cal. 383, 33 Pac. 1125, we said, speaking of that amendment: "The discretion of the court to determine whether there has been an inexcusable delay within the term of three years still remains, and each case must be determined upon its own peculiar circumstances": See, also, Murray v. Gleeson, 100 Cal. 511, 35 Pac. 88. Upon the showing made in this case, we cannot say that the court below abused its discretion in granting the motion to dismiss. The order is affirmed.

We concur: Harrison, J.; Garoutte, J.