# LUKE v. BENNION.

No. 1883.   Decided March 27, 1908 (106 Pac. 712).

1. JUSTICES OF THE PEACE—TERMINATION OF ACTION—FAILURE TO
   SERVE SUMMONS.  Under Comp. Laws 1888, sec. 3544 et seq.,
   providing that an action in a justice court is commenced by
   filing a complaint; that at any time within a year of the date
   of filing, which the justice must indorse on the complaint, plain-
   tiff may have summons issued; that if summons is returned
   without being served, alias summons may be issued on demand
   of plaintiff, but providing no time within which summons must
   be served—the action does not terminate from mere failure to
   have the summons "issued" within a year, "served" within that
   time, though failure to serve in a reasonable time might be
   ground for motion to dismiss.  (Page 64.)

2. LIMITATION OF ACTIONS—FAILURE OF ACTION—COMMENCEMENT OF
   NEW ACTION.  As an action, commenced in justice court by filing
   of complaint, does not, under Comp. Laws 1888, sec. 3544 et
   seq., terminate for mere delay in serving the summons, it does
   not, till actually dismissed, "fail" within Revised Statutes 1898,
   section 2893, providing that if an action be seasonably com-
   menced, and plaintiff fail therein otherwise than on the merits,
   and the time limited for the action shall have expired, plaintiff
   may commence a new action within a year after the failure.
   (Page 67.)

3. LIMITATION OF ACTIONS—FAILURE OF ACTION "OTHERWISE THAN
   ON THE MERITS."  An action, voluntarily dismissed by plaintiff,
   fails "otherwise than on the merits," within Revised Statutes
   1898, section 2893, providing that where an action, seasonably
   commenced, so fails, plaintiff may commence a new action
   within a year after the failure.  (Page 68.)

APPEAL from District Court, Third District; *Hon. M. L.
Ritchie*, Judge.

Action by James A. Luke against Israel Bennion, admin-
istrator of the estate of Margaret Vandybarker, deceased.
Judgment for defendant.  Plaintiff appeals.

REVERSED AND REMANDED FOR NEW TRIAL.

*E. A. Walton* for appellant.

*Young & Moyle* for respondent.

STRAUP, J.

On the 7th day of November, 1891, one H. McCoy obtained a judgment on a promissory note in the sum of $155.40, and $8.25 costs, against Margaret Vandybarker, in a justice court of Salt Lake City. On the 4th day of November, 1896, McCoy assigned the judgment to James A. Luke, who on the same day commenced an action on the judgment in the justice court against Margaret Vandybarker, by the filing of a complaint. Summons was issued by the justice on the same day. It is not made to appear that the summons was ever served. The case remained in that condition until the 1st day of September, 1904, when the plaintiff presented a verified claim, based on the judgment to Isreal Bennion, the administrator of the estate of Margaret Vandybarker, she having died in the meantime. The claim was rejected by the administrator on the 13th day of September, 1904. On the 10th day of December following, this action was commenced in the Third judicial district court by the plaintiff against the administrator. Two days thereafter the action in the justice court was dismissed by the justice on plaintiff's motion. Answering the complaint in this action the administrator alleged that he had no information respecting the material allegations of the complaint, and on that ground denied them, and pleaded the statute of limitations. The case was tried before the court, who found all the issues in favor of the plaintiff, except the bar of the statute of limitations. The defendant, therefore, had judgment, from which the plaintiff has appealed.

When the action on the judgment was commenced in the justice court the period in which such an action could be commenced was five years. When the action was commenced in the district court, the period was eight years. The action commenced in the justice court was in time. The action commenced in the district court was more than thirteen years

after the judgment was originally obtained, and more than eight years after the suit on the judgment in the justice court was commenced and summons issued.    Section 2893, Rev. St. 1898, provides:

"If any action be commenced within due time, and judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action or upon a cause of action, otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representative, may commence a new action within one year after the reversal or failure."

. The material questions presented are, when did plaintiff's action in the justice court fail, and was plaintiff's voluntary dismissal of the action a failure not upon merits, within the meaning of the statute?

The plaintiff contends that the action was pending from the filing of the complaint November 4, 1896, and did not fail until the 12th day of December, 1904, when it was dismissed.    On the other hand, it is contended by the respondent, and it was held by the trial court, that the action failed within one year after it was commenced, or on the 4th day of November, 1897.    The statute, relied on and in force when the action before the justice was commenced, provided that an action in the justice court was commenced by filing a complaint; the justice was required to indorse on the complaint the date upon which it was filed, "and at any time within one year thereafter the plaintiff may have summons issued;" if the summons was returned without being served, the justice, on the demand of plaintiff, was authorized to issue an alias summons in the same form as the original, except that he could fix the time for the appearance of the defendant at a period not to exceed ninety days from its date; the justice could, within a year from the date of the filing of the complaint, issue as many alias summons as demanded by the plaintiff. (Comp. Laws 1888, section 3544 et seq.) There was no provision in the statute fixing the time in which a summons was required to be served.    It is con-

·ceded by both parties that the action was commenced and was pending in the justice court by the filing of the complaint. Since the summons, though issued, was not served within one year after the filing of the complaint, the respondent contends that the action *ipso facto* failed at the end of the year. We are constrained to hold to the contrary. Because the statute provided that the summons *must be issued* within one year after the complaint was filed, it does not follow that it was required to be *served* within such time, and that a failure to do so terminated the action. Such has been the holding of the California courts.

The Code there, as here, required the date of filing to be indorsed on the complaint; that a summons could be issued within one year thereafter, and if the summons was returned without being served, an alias summons could be issued in the same form as the original. (3 Deering's Cal. Code Civ. Proc., section 406.)

In the case of *McDonald v. Swett*, 76 Cal. 257, 18 Pac. 324, where a complaint was filed and a summons issued on the 4th day of September, 1882, but not served until the 21st day of July, 1884, it was held that the trial court committed no error in refusing to dismiss the action for want of prosecution, and that a judgment of default, which was entered pending the hearing of the motion, was properly entered; the defendant's motion of dismissal not having the effect of extending the time to answer. The statute of California in 1889 was amended, requiring the summons to be served within three years. (Kerr's Codes, Code Civ. Proc., section 581a.) Until such amendment it seems to have been the established doctrine in that state that the failure to serve the summons did not, of itself, terminate the action, but, depending upon the facts and circumstances of the case, afforded ground to dismiss the action for want of prosecution. (*Grigsby v. Napa County*, 36 Cal. 585, 95 Am. Dec. 213.)

The case of *Wynn v. Booker*, 22 Ga. 359, is also much in point. There, under the procedure, the clerk was required, within twenty days after the declaration was filed, to annex the process to the declaration. The sheriff was then re-

quired to serve both the declaration and the process at the same time, and to return them thus served to court. It was also provided that all process issued and returned in any other manner should be null and void. In August, 1850, the plaintiff commenced an action against the testator in his lifetime. The clerk failed to annex the process to the declaration. The case remained in that condition until March, 1856, when the action was dismissed for want of process. In May, 1856, and within six months after the former action was dismissed (that being the time fixed by the saving statute, corresponding with section 2893 of our statute), the plaintiff commenced an action against the executor of the testator. There, as here, it was contended that the action terminated when the time expired in which the clerk was authorized to annex the process, and that the *voidness of the process* was not only ground for dismissing the suit, but *ipso facto terminated* the action. The court, however, held that: "It does not follow as a general principle that the voidness of a process in a valid suit necessarily renders the suit itself void. . . . No decision has gone the length of saying that the voidness of the original process renders the suit void" —and that the suit "did not come to a termination the moment the time expired within which the clerk might have annexed a process to the petition. We think that the suit did not come to a termination until the court, on the motion of the defendant in the suit, dismissed it." Had a motion been made in the justice court to dismiss the action for want of service of summons, in the absence of a showing of the proper exercise of diligence as to service, it undoubtedly should have been granted, for the delay itself was grossly unreasonable. (*Diggins v. Thornton,* 96 Cal. 417, 31 Pac. 289.) But the trial court, in this action, was not authorized to consider that as done which might or ought to have been done in the justice court, had a proper motion there been made. The trial court was called on to consider and to determine at what time the case before the justice in fact failed, not when, from a consideration of some reasonable time of

36 Utah—5

service of summons, it might have failed had some action been taken before the justice, and the exercise of his discretion invoked.

But it is urged by the respondent that, inasmuch as the deceased was not served with summons, and presumably had no knowledge that the action before the justice had been commenced, no motion of dismissal for want of service or prosecution could have emanated from her; and, if it be held that the suit did not thus terminate, as contended by respondent, the plaintiff, by the mere filing of the complaint, had the power to arbitrarily prolong the running of the statutes of limitations, and to keep the claim sued on alive indefinitely, or until he himself dismissed the action, or until something else was done which terminated it. If a plaintiff is given such a power of tolling the statute, it is by virtue of legislative enactments. The fault, if there be any, is due to imperfect or deficient statutes. The remedy must be sought from the legislature, and not the courts. We find various statutes of the states which provide that an action is commenced by the filing of a complaint, or the service of a summons, but in a number of them, not only the time in which a summons may be issued, but in which it must be served, is specified, and where it is further provided that if the summons is not issued or served within such time, the action is deemed dismissed' or stands discontinued. We have no such statutes. The statute of 1888, carried over into the Revision of 1898, declared that an action was commenced by the filing of the complaint. A further statute provided that: "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal is passed, unless the judgment is sooner satisfied." (Section 3706, Comp. Laws 1888; section 3490, Rev. St. 1898.) Until the legislature of 1907 provided that a summons out of a justice court must be served within 90 days after the same is issued (a provision in no manner affecting this case), no time whatever was fixed in which a summons was required to be served, nor was there any provision that a failure to issue or serve a summons, of itself, discontinued

the action or rendered the suit void.   Under these statutes an action is commenced, not when the defendant is served or notified, but when the complaint is filed.   It is pending, not only until the plaintiff has failed to serve a summons within one year thereafter, as contended by the respondent, or within a reasonable time, or until he has otherwise failed to prosecute the action with due diligence, but until its final determination, etc., or until something is done to put it out of court.   To hold otherwise we are obliged to read something into the statute not found there, and to disregard the plain language of the statute.

True, the service of the summons was required to be made within a reasonable time, and, if not made within such time, was ground for a dismissal of the action, in the discretion of the court, and according to the particular facts and circumstances of the case.   (*Murray v. Gleeson,* 100 Cal. 511, 35 Pac. 88; *Lander v. Flemming,* 47 Cal. 614.)   The process, however, was not for that reason rendered void, but voidable.   Nor did it have the effect, in and of itself, to render the suit void.   If so, then the justice had the power to dismiss the action on his own motion.   But the Supreme Court of California held that, prior to the amendment prescribing a time in which the summons was required to be served, the court had no power, on its own motion, to dismiss an action which had been pending for a long and unreasonable time without service of the summons.   (*Kreiss v. Hotaling,* 99 Cal. 383, 33 Pac. 1125.)   Since the failure to serve the summons did not have the effect *ipso facto* of terminating the action, but only affording ground for a dismissal, it follows that the action in the justice court must be held to have been pending until it was dismissed, and that it then failed.

A further contention is made that the plaintiff's action in the justice court did not fail within the meaning of the saving statute, because his dismissal was voluntary.   The statute in question seems to have been taken from the Kansas statute.   In construing it the Supreme Court of Kansas held that: "Where a plaintiff dismisses his action, he 'fails

in such action,' and the failure is 'otherwise than upon the merits.' It is not necessary to inquire what caused the failure in the action . . . why it was dismissed. It is sufficient that he failed to obtain the object of his suit, and that his failure was not upon the merits." (*McWhirt v. MeKee,* 6 Kan. 412; *Seaton v. Hixon,* 35 Kan. 663, 12 Pac. 22; *Hall v. Hurd,* 40 Kan. 374, 19 Pac. 802.) We are therefore of the opinion that the voluntary dismissal of the action in the justice court was a failure of the action otherwise than upon the merits, and within the meaning of section 2893, and that the court erred in holding the action brought in the district court barred by the statute of limitations.

The judgment of the court below is reversed, and the cause remanded for a new trial. Costs to appellant.

McCARTY, C. J., and FRICK, J., concur.