## T. L. GRIGSBY v. NAPA COUNTY.

DISMISSING ACTION FOR WANT OF PROSECUTION.—This Court will not reverse a judgment dismissing an action for want of prosecution, unless there has been an abuse of discretion in the Court below in giving the judgment, and it devolves on the appellant to show such abuse of discretion.

IDEM.—Allowing an action to rest without service of summons, for two years and eight months after the summons is issued, is such a want of diligence as to justify the Court in dismissing the action.

IDEM.—If notice is given of a motion to dismiss an action for want of prosecution, before summons is served, and the plaintiff then serves the summons, and at the end of ten days takes a default, but judgment is not entered up, the entry of the default does not preclude the Court from dismissing the action. The dismissal takes effect by relation back to the time of service of the motion.

APPEAL from the District Court, Seventh Judicial District, Napa County.

74

The plaintiff appealed.

The other facts are stated in the opinion of the Court.

*T. J. Tucker,* for Appellant.

The Court did not exercise a sound discretion. The pro-
ceedings of the Board of Supervisors were so complicated
that there was some uncertainty as to their legal effect, and
still greater doubt as to the course the Board intended to
pursue; but as the plaintiff had always been ready and will-
ing to waive the irregularities and illegalities in the pro-
ceedings of the Board, and to try the question of damages
upon its merits, it is impossible to conceive upon what prin-
ciple of justice the Court, in the exercise of a sound discre-
tion, could hold that plaintiff ought to be deprived of his
right of action and of just compensation for his land; for it
is claimed by the District Attorney, and it was held by the
Court below, that the proposed road can be opened as a
public highway upon the final dismissal of this action.

This case comes clearly within the provisions of the Prac-
tice Act, and must be governed thereby.

Section seven of the Road Law of 1861 provides that "the
action shall be conducted in like manner as other actions in
civil cases in the Courts of justice of this State." (Hittell's
Laws, 6,527.)

The summons in this cause was duly issued under the seal
of the Court, and was served and returned in a legal manner.
It commanded the defendant to answer the complaint within
ten days after service thereof. This command was not
obeyed, and on the twelfth day after service a default was
entered by the Clerk and made a part of the record in the
action. The default was duly and regularly entered, and it
closed the door of the action to the defendant. A default
is in effect an entry in the record of the action, that the
rights of the defendant in the premises have been adjudi-
cated by operation of law. If it has not this effect it is an
idle and useless formality. The entry of a default bars the

defense as effectually as the entry of judgment; and the defendant could, with as much propriety, ask to dismiss the action after the entry of the judgment as after the entry of the default. In such cases the entry of judgment is but a ministerial act; the default has the same effect as the verdict of a jury, and if not set aside, a judgment must follow as a matter of law. (Practice Act, Sec. 150; *Harding* v. *Cowing*, 28 Cal. 212.)

*R. N. Steere*, for Respondent.

It is a gross abuse of the restraining order of this Court to allow the complaint to remain on file for two years and a half without bringing defendant into Court for the purpose of getting a temporary injunction, and then, after obtaining the order, render it perpetual by a failure to prosecute his action for damages, and that, too, when the interests of the county were bound up by said order. Appellant's gross neglect in not prosecuting the action has been and still is detrimental to the interests of the county, and would always have remained so but for the respondent having served appellant, on May 14th, 1868, a notice of motion to dismiss, which awakened the appellant from his lethargy, who found what purported to be the original summons, issued in 1865, and had the Sheriff go through the form of serving it on the following day.

I think counsel for appellant will not seriously urge to this Court that a summons issued in August, 1865, had any force or power, as a process of the Court, to obtain jurisdiction of defendant, by service in May, 1868; if so, the Statute of Limitations is dead matter in our statute, for if the filing of the complaint and service of summons three years afterwards obtains jurisdiction of defendant, then service thirty years afterwards would be attended with the same result. (*Dupuy* v. *Shear*, 29 Cal. 241.)

Whatever of standing or position appellant acquired by the subsequent service of summons was subject to the notice

of dismissal previously served by respondent. If we are right in this proposition, then the default entered by appellant was subject to the disposition of respondent's motion, which, having prevailed, the Court below did not "err in refusing to grant appellant's motion for judgment, upon the default entered in said cause."

By the Court, CROCKETT, J. :

This appeal is from an order of the District Court dismissing the action for want of prosecution, and awarding costs to the defendant. In such cases it has not been the practice of this Court to interfere, except where the District Court has abused the discretion which it necessarily exercises in this class of cases; and in invoking the aid of this Court, it is incumbent on the appellant to establish affirmatively that there has been such abuse of discretion. Until the contrary appears, the presumption is the discretion of the District Court was rightfully exercised. The appellant has failed, we think, to show such abuse of discretion in this case. The action was commenced August 26th, 1865, and on the same day a summons was issued and placed in the hands of the Sheriff for service; but, before served, he was instructed by the plaintiff's attorney not to serve it until he received further orders. The summons was not, in fact, served until May 14th, 1868; and the excuse for this long delay is that the plaintiff and his attorney were lulled into this long repose by the conduct of the Board of Supervisors in vacating and rescinding the order approving the report of the Viewers of the road, and thereby inducing the plaintiff to believe that the project of opening the road was abandoned, and that it would therefore be unnecessary to prosecute his action for damages. It appears, however, that the rescinding order was itself rescinded, and the original order was thereby left in full force; but at what particular time this occurred does not appear. It is quite apparent, however, that during the long interval which elapsed between

August 26th, 1865, and May 14th, 1868, the plaintiff was not resting quietly under the belief that the proceedings for establishing the road had been abandoned. On the contrary, he commenced an action in equity to prevent the Supervisors from opening the road until the question of damages was disposed of in *this* action. The suit in equity came to this Court on appeal, and was decided at the October Term, 1866, (*Grigsby* v. *Burtnett*, 31 Cal. 406), and we held that the plaintiff was entitled to have the question of damages decided before the road was opened. Instead of prosecuting his action, already pending for that purpose, the plaintiff allowed it to slumber until May 13th, 1868, when he was served with notice of a motion to dismiss it for want of prosecution. On the following day he caused the summons, issued more than two years before, to be served, and the defendant having failed to answer within ten days, its default was noted, but no assessment had been made or judgment entered by the Court; and on the day specified in the notice, the defendant moved, notwithstanding the default, to dismiss the action for want of prosecution, and the plaintiff at the same time offered to prove the damages, and moved for final judgment. The Court sustained the defendant's motion, and the plaintiff insists: first—that no lack of diligence was shown; and, second—that the defendant is concluded by the default. On the question of diligence we see no reason to believe that the District Court abused its discretion, nor is the defendant concluded by the default. Notice of the motion to dismiss was served before service of the summons, and though it would doubtless have been the better practice to have obtained from the Court an extension of the time to answer until after the motion to dismiss was disposed of, nevertheless the order dismissing the cause took effect by relation from the time when the notice of the motion was served, which was prior to the service of summons. When the cause was dismissed there had been no final judgment, and the mere noting of the default did not, in law, preclude the Court from entertaining the motion to dismiss, with like

effect, as if there had been no service of the summons after notice of the motion to dismiss.

We find no error in the record, and the judgment is therefore affirmed, and remittitur directed to issue forthwith.