[No. 3,488.]

ELDRIDGE v. KAY ET AL.

SERVICE OF SUMMONS.—If a summons is not served until three years after the complaint is filed and it is issued, and there is no reasonable excuse for the delay, the service will be set aside, on motion, and the suit dismissed.

MAKING MOTION BEFORE AN APPEARANCE.—A motion to set aside the service of a summons may be made without entering an appearance in the action.

APPEAL from the District Court of the Third Judicial District, County of Alameda.

This was an action of ejectment, in which the complaint was filed and summons issued in April, 1868. On the 9th of May, 1871, the defendants filed affidavits, to the effect that they had not been served with summons until the 1st day of May, 1871, although they had lived near the plaintiff since the filing of the complaint. Upon these affidavits they moved to quash and set aside the service of summons, and to dismiss the suit. The plaintiff objected to the Court entertaining the motion, on the ground that the defendants had made no appearance in the case, and that the motion was premature. In support of the objection they filed affidavits, stating that the action was commenced to save the Statute of Limitations; that by reason of questions involved in the Spanish title to the land, then in controversy in the Supreme Court, the plaintiff had been unable to have the cause tried; that in 1869 the plaintiff became bankrupt, and his assignee had no knowledge of the ownership by him of any interest in the premises in suit until immediately preceding the service of the summons on the defendants, and that there had been no laches of which the defendants could complain. The motion was granted, and judgment was rendered for defendants.

*McCormick*, for Appellant, argued that it was error to dismiss the action before issue joined (Secs. 148, 523, Pr. Act), and that the plaintiff had not been negligent.

*Hamilton*, for Respondent, argued that the service was too late to be a compliance with the statute.

By the COURT:

The summons in this action was issued in April, 1868, and no service was made on the defendants, or any of them, until May, 1871, although nothing occurred to obstruct the service — the defendants during all the meantime living

within a short distance of the plaintiff, and being easily to be found. Such delay is absolutely without excuse, and it would be a practical defeat of the statute, which limits the issuance of a summons to the period of one year after the filing of the complaint, if the plaintiff is afterwards to arbitrarily delay the service of the summons for twice that period of time.

Judgment affirmed.