[No. 3,801.]

# LANDER *v.* FLEMMING.

NOTICE OF APPEARANCE.—A notice, that the defendant appears in the action for the sole purpose of making a motion to quash the summons, is a sufficient appearance to entitle the defendant to be heard upon the motion.

DISMISSAL OF ACTION.—When the complaint was filed and the summons issued in October, 1870, and the summons was served in January, 1873; *Held,* that a *prima facie* case of lack of diligence in prosecuting the ac-

tion existed, and that, in the absence of proof on the part of the plaintiff to excuse the negligence, the Court should dismiss the action.

APPEAL from the District Court of the Eleventh Judicial District, El Dorado County.

Upon motion of the defendant, after notice, as stated in the opinion, the Court dismissed the action, on the ground that the plaintiff had failed to prosecute the same with due diligence. The motion was made on the facts appearing of record, and without affidavits. The plaintiff appealed from the order of dismissal.

*George E. Williams* and *Charles F. Irwin,* for Appellant.

Motions of this character have always been based upon affidavits showing that service could have been obtained. (See *Dupuy* v. *Shear,* 29 Cal. 238.

The only case in which affidavits were not used is *Grigsby* v. *Napa County,* 36 Cal. 585. The reason for which is found in the fact that defendant, in that case, was a political subdivision of the State, of which the Court was bound to take judicial notice.

If the statute fixed a time within which service must be obtained, unless the defendant could not be found or was absent from the State, then, if such was the law, and a plaintiff obtained service after the specified time, it would devolve upon plaintiff as an answer to the motion made, to show that the defendant could not be found or was absent from the State. But the statute not fixing a certain time, it clearly devolves upon a defendant to show affirmatively that the plaintiff has been guilty of gross negligence in obtaining service.

*George G. Blanchard,* for Respondent.

It devolved on the plaintiff to show facts which would excuse him from the negligence made apparent by his delay. The whole question involved in this case was decided in *Eldridge* v. *Kay,* 45 Cal. 49; also *Grigsby* v. *Napa County,* 36 Cal. 585.

By the COURT:

1. The notice of appearance served on the plaintiff—"now comes the above-named defendant, and appears in the said action for the sole purpose of making a motion to quash the summons in, and dismiss, said action"—was a sufficient appearance to entitle the defendant to be heard upon the motion.

2. The facts appearing of record in the Court below, viz: that the complaint was filed and the summons issued in October, 1870, and that the summons was not served until January, 1873—made a *prima facie* case of lack of diligence upon the part of the plaintiff in the prosecution of the action, and which it was his duty to overcome, at the hearing of the motion, by showing the circumstances, if any, to excuse his apparent tardiness in pursuing the defendant. He, however, made no attempt in this direction, and we think that the action was properly dismissed.

Judgment affirmed. Remittitur forthwith.