[Department Two. — January 29, 1884.]

HENRY KORNAHRENS, RESPONDENT, *v.* HIS
CREDITORS, APPELLANTS.

INSOLVENCY — DISMISSAL OF PROCEEDINGS FOR INEXCUSABLE DELAY — DISCRETION. —
It is not an abuse of discretion for the court to dismiss a proceeding in insolvency, upon motion of the debtor, for unreasonable delays in its prosecution.
ID. — NEW PROCEEDINGS. — But after such dismissal the proceedings may be commenced anew.

APPEAL from an order of the Superior Court of Alameda County dismissing the petition of respondent's creditors to ve him adjudged insolvent.

The facts are stated in the opinion of the court.

*R. W. Hent,* for Appellants.

*Emil Nusbaumer,* and *Welles Whitmore,* for Respondent.

THORNTON, J. — In examining this cause, we cannot come to the conclusion that the court below abused its discretion in dismissing the proceeding, which was brought by certain creditors of Kornahrens, to have him adjudged an insolvent, and that a surrender of his property be made for the benefit of his creditors. The order of 13th of December, 1879, that Kornahrens show cause on the 29th of same month why he should not be adjudged an insolvent, etc., was never served. No steps were taken to have it served. This delay was unaccounted for and inexcusable. There was further delay in serving the subsequent order made on the 8th of September, 1880. This was not accounted for in any way. We are of opinion that this proceeding should have been proceeded with without the frequent and unaccountable delays which took place. According to the provisions of the statute, under which this proceeding was instituted (Stats. 1875–76, p. 581), all attachments upon the property of the debtor, levied within two months before the filing of the petition, are dissolved, on the debtor's being adjudged insolvent. (§ 6 of Statute.) Many other dispositions of property made by the debtor are also void, if made by him when insolvent, or in contemplation of insolvency, within two months before the filing of the petition by or against him. (§ 8 of

Statute.) To sustain the proceeding before us would put a stop to the dealings of the debtor with his creditors during the period of delay, and affect very injuriously other creditors not joining in the petition who may have secured liens by attachment upon the property of the debtor, and even payment of their claims.

It was not the intention of the law makers to allow such consequences to occur. The dealings of the debtor with his creditors would be interfered with to a degree which the law givers never intended to permit.

The petitioners, if they think proper, can commence their proceeding anew.

The order must be affirmed.

SHARPSTEIN, J., and MYRICK, J., concurred.