[L. A. No. 1610. In Bank.—April 2, 1907.]

## PEOPLE'S HOME SAVINGS BANK (a Corporation), Appellant, v. M. H. SHERMAN, Respondent.

PRACTICE—DISMISSAL OF ACTION—WANT OF DILIGENCE IN PROSECUTION. —The superior court, in ruling upon a motion to dismiss an action for want of diligence in prosecuting the same, may properly consider any facts appearing in the record of the case and bearing upon the question of diligence and good faith, whether the same occurred before the action was begun or afterward, and in reviewing the action of the superior court, and considering whether or not its discretion was properly exercised, the appellate court should also take such circumstances into consideration.

ID.—FACTS SHOWING WANT OF DILIGENCE.—An action by a banking corporation which is in process of liquidation, to recover an unpaid subscription from a former stockholder, who had transferred his stock without consideration, is properly dismissed for want of prosecution, when it appears that the corporation continued to do business for more than three years after its officers knew of its insolvency without questioning the validity of the transfer; that after a call had been made it delayed until the last day possible to bring the action in order to avoid the bar of the statute of limitations, and

then brought the action in the wrong county, and that it waited for three years before pressing for hearing a motion to transfer to the proper county, and more than a year after issue joined before taking any steps to bring the cause to trial, during all of which time constant and repeated efforts were being made to settle and adjust the case.

APPEAL from a judgment of the Superior Court of Los Angeles County. D. K. Trask, Judge.

The facts are stated in the opinion of the court.

Stratton & Kaufman, and F. G. Finlayson, for Appellant.

John D. Pope, for Respondent.

SHAW, J.—On April 24, 1906, this cause and a number of others which had been decided by the district court of appeal were transferred to this court for decision. The order was a general one, applying to all the cases, and was made in consequence of the fact that the destruction of the records of this court in San Francisco by the fire of April 18th of that year made it impossible for the court to examine any of the cases within the time limited for making such order.

In the district court an opinion was rendered, in part as follows:—

"Appeal from a judgment dismissing the plaintiff's action for want of diligent prosecution. On December 10, 1902, the defendant joined issue in the cause by filing his answer. The motion to dismiss was made December 22, 1903, one year and twelve days after issue joined. It is made to appear from the record that defendant became a stockholder in plaintiff corporation on the twenty-ninth day of May, 1890, by subscribing for three hundred shares of the capital stock of the par value of one hundred dollars, of which subscription price he paid one third, agreeing to pay the remaining two thirds upon call. It further appears that on September 30, 1891, the corporation became insolvent, a fact well known to its directors and to defendant; but notwithstanding this insolvency, the bank continued to do business until the ninth day of January, 1895, at which date it went into liquidation in accordance with the Bank Commissioners' Act; that on the thirtieth day of September, 1891, when the bank was so insolvent, defendant transferred his shares of stock to one

B. N. Pratt, without consideration, and Pratt thereafter held the stock in trust for defendant; that on September 30, 1895, plaintiff through its board of directors made a call upon the stockholders for the unpaid subscription, and that neither defendant nor Pratt paid the twenty thousand dollars unpaid upon the stock so standing in the name of Pratt. It further appears that on the twenty-ninth day of September, 1897, the complaint in this proceeding was filed against defendant in the city and county of San Francisco. It does not appear from the record that any summons was ever issued or served; but on the seventh day of February, 1899, defendant entered an appearance to said proceeding by general demurrer, and moved for a change of place of trial; that no proceedings were had upon said demurrer or said motion until the seventeenth day of June, 1902, on which date an order was made transferring the cause to Los Angeles County, the proper county for trial; that thereafter, on October 3, 1902, the demurrer was overruled, and on December 10, 1902, issue was joined. That during the whole time from the commencement of the action up until September, 1903, persistent effort was being made by plaintiff, through its attorneys and officers, to effect a settlement and adjustment of their alleged claim, on which last-named date the terms of settlement were practically agreed upon by the parties, but never finally consummated, and on December 22, 1903, defendant gave notice of his intention to move for an order dismissing the action for failure of plaintiff to prosecute the same with reasonable diligence. This motion was heard on the second day of February, 1904, and granted.

"The question presented upon this appeal is whether the court abused its discretion in granting such order. Were the length of time between the negotiations for settlement and the granting of the motion alone to be considered, we should have no hesitancy in saying that the short lapse of time would not have justified the action of the court. In all of the cases cited, and of which we have made examination, notably *Simmons* v. *Keller,* 50 Cal. 38, and *Kornahrens* v. *His Creditors,* 64 Cal. 492, [3 Pac. 126], a much greater time elapsed between the joining of issue and the order of dismissal; and in *Kornahrens* v. *His Creditors,* 64 Cal. 492, [3 Pac. 126], while only nine months had elapsed, there were circumstances

taken into consideration in connection therewith which justified the court in its action.

"An examination of the entire record impresses us with the conviction that the court did not abuse its discretion in dismissing this proceeding under the circumstances of this case. The fact that a banking corporation continued to do business for more than three years after its officers knew of its insolvency without questioning the validity of the transfer of stock to a third party, that after a call had been made it should delay until the last day possible to bring the action in order to avoid the bar of the statute and then to bring such action in the wrong county, thereafter to wait three years before pressing for hearing the motion to transfer to the proper county, and more than a year after issue joined before taking any steps to bring the cause to trial, during all of which time constant and repeated efforts were being made to settle and adjust the case, may well have indicated to the trial court that the action was not brought in good faith, nor maintained with a view to having the court pass upon the rights of the parties, but that the process of the court was being used for the purpose of inducing or compelling a compromise and adjustment of a disputed liability. That this court would be warranted in reversing the judgment of the court in this case, a gross abuse of discretion should be made to appear, which, in our opinion, is not disclosed in this record.

"ALLEN, J."

Upon a reconsideration of the case we are satisfied with the foregoing, and adopt it as a part of the opinion of this court. · In response to the chief objection made in the petition for transfer to this court, we add the statement that the superior court in ruling upon the motion to dismiss the action for want of diligence in prosecuting the same, could properly consider any facts appearing in the record of the case and bearing upon the question of diligence and good faith, whether the same occurred before the action was begun or afterwards, and that in reviewing the action of the superior court, and considering whether or not its discretion was properly exercised, the appellate court should also take such circumstances into consideration.

The judgment is affirmed.

McFarland, J., Henshaw, J., Sloss, J., Angellotti, J., and Lorigan, J., concurred.