ESTATE OF CHAVIER *v.* ESTATE OF GIRÁLDEZ.

APPEAL from the District Court of Ponce.

No. 276.—Decided March 17, 1909.

CONSTRUCTION OF STATUTE—JURISPRUDENCE OF ANOTHER STATE—PRESUMPTION.—
It is a principle of law, accepted by this court, that when our legislature adopts a statute of another state and substantially copies it into our laws, it must be presumed that the legislature intended also to adopt he construction put upon such statute by the courts of last resort in the state from which the act is borrowed.

ID.—In conformity with the foregoing doctrine, the decisions of California, Idaho and Montana may be invoked for the construction of the new Code of Civil Procedure.

DISMISSAL—AUTHORITY INHERING IN THE COURT—ABANDONMENT OF ACTION—
SUMMONS.—The court, in the exercise of a sound judicial discretion, has authority independently of section 192 of the Code of Civil Procedure, and notwithstanding the provisions of section 193 of the said Code, to dismiss an action because the summons was not issued in accordance with the requirements of the Code of Civil Procedure, as expressed in section 88 thereof, and such order should be upheld unless there is some other reason than mere lack of authority why said order was improperly made.

INTERPRETATION OF LAW—SUMMONS—TERM FOR ISSUING IT—DISCRETION OF THE
COURT.—The word "may" used instead of "must" in section 88 of the of the Code of Civil Procedure, in speaking of the issuance of the summons is not mandatory on the plaintiff to cause the writ to issue, but directory merely; and as no penalty of any kind is affixed to a disregard of the statute its enforcement is largely left in the discretion of the court, under the provisions of other statutes.

DISSMISSAL—POWERS INHERING IN THE COURT—ABANDONMENT OF ACTION—IN-
EXCUSABLE DELAY OR NEGLIGENCE.—The trial court can exercise this inherent power only when there is inexcusable negligence or delay on the part of the plaintiff in causing the issue, and service of the summons, and said court should not dismiss the case unless there has been such inexcusable delay or negligence.

ID.—SUPPLEMENTAL COMPLAINT—NULLITY OF SUMMONS—DILIGENCE OF THE
PLAINTIFF.—The plaintiffs having shown diligence in prosecuting their action
and filing a supplemental complaint, and the summons and publication hav-
ing both taken place during a year thereafter, the plaintiffs brought them-
selves within the spirit if not within the letter of section 88 of the Code of
Civil Procedure, and there was no imperative reason for the court, under
these circumstances to dismiss the action.

ID.—ENTRY OF DEFAULT—ANNULMENT OF THE DEFAULT—DISMISSAL OF THE
COMPLAINT.—Even after having entered the default, the defendant may ap-
pear for the purpose of making a motion to set aside the default, or to
dismiss the case for noncompliance with some provision of the statute.

ORIGINAL COMPLAINT—AMENDED COMPLAINT—EFFECT AS TO THE COMMENCEMENT
OF THE ACTION.—An amended complaint replaces the original one for all legal
purposes; and the year within which the summons may be issued must be
computed from and after the filing of such amended complaint.

AMENDED COMPLAINT—SUPPLEMENT PLEADINGS—OBJECT THEREOF.—An amended
complaint is used to correct some errors in the original pleading, and to
perfect that which might be deficient, or to correct that which might have
been incorrectly stated. The office of a supplemental complaint is to meet
a new state of facts arising or disclosed after the filing of the original com-
plaint, such as the addition of parties newly discovered as being interested
in the subject matter of the litigation.

ID.—In conformity with the foregoing definition, a distinction may be established
between original and supplemental complaints, although in our Code of Civil
Procedure no mention is made of supplemental complaints, all which plead-
ings being classed therein as amended complaints.

SUMMONS—SUPPLEMENTAL COMPLAINT—COMPUTATION OF TERM.—The date from
which the year prescribed in section 88 of the Code of Civil Procedure should
begin to run is that of the filing of the supplemental complaint including
new parties defendant.

SUBSTANTIAL RIGHTS.—The rights secured in favor of each party by section 88
of the Code of Civil Procedure are substantial rights, and must be protected
by the courts when properly urged for consideration.

The facts are stated in the opinion.

Messrs. *Tord, Toro and Canales* for appellants.

Mr. *José Tous Soto* for respondents.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This case involves a question of practice. The record
shows that the appeal herein was taken from a judgment, ren-
dered by the District Court of Ponce, ordering the dismissal
of the proceedings. The said judgment was founded on the
view that there had been a failure to comply with section 88
of the Code of Civil Procedure, in fact that more than one

year had elapsed after the filing of the original complaint before the issuance of the summons required by law. Section 192 of the Code of Civil Procedure reads as follows:

"An action may be dismissed or a judgment of nonsuit entered in the following cases:

"1. By the plaintiff himself, at any time before the trial, upon the payment of costs; *Provided,* A counterclaim has not been made or affirmative relief sought by the cross complaint or answer of defendant. If a provisional remedy has been allowed, the undertaking must thereupon be delivered by the secretary to the defendant, who may have his action thereon.

"2. By either party upon the written consent of the other.

"3. By the court, when the plaintiff fails to appear on the trial, and the defendant appears and asks for the dismissel.

"4. By the court, when upon the trial, and before the final submission of the case, the plaintiff abandons it.

"5. By the court, upon motion of the defendant, when, upon the trial, the plaintiff fails to prove a sufficient case upon which to base a judgment. The dismissal mentioned in the first two subdivisions is made by an entry in the secretary's register. Judgment may thereupon be entered accordingly."

It is almost, but not entirely, identical with section 581 of the Code of Civil Procedure of California. There is another section of the Code of California, No. 582, which is omitted from our statute and reads as follows:

"No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be taken therein, and all actions heretofore and hereafter commenced must be dismissed by the court in which the same shall have been commenced, on its own motion, or on motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have issued within one year, and all such actions must be in like manner dismissed, unless the summons shall be served and returns thereon made within three years after the commencement of said action. But all such actions may be prosecuted, if appearance has been made by the defendant or defendants, within said three years in the same manner as if summons had been issued and served; provided, that, except in actions to partition, or to recover possession of, or to enforce a lien upon,

or to determine conflicting claims to, real or personal property, no dismissal shall be had under this section as to any defendant because of the failure to serve summons on him during his absence from the state, or while he has secreted himself within the state to prevent the service of summons on him.''

Our Code of Civil Procedure further provides that in every case other than those mentioned in section 192 of said Code judgment must be rendered on the merits. (Section 193, Code of Civil Procedure.) This section is identical with section 583 of the Code of Civil Procedure of California.

It is contended, in the first place, by the appellants, that a judgment of dismissal can only be entered in the cases specifically enumerated in section 192 of the Code of Civil Procedure; and that the case under consideration is not included in any of the provisions of the said section. Stress is also laid on the language of section 193 of our Code, and on the fact that section 582 of the California Code of Civil Procedure has been omitted from our Code of Procedure which, in most of its provisions appears to have followed at least indirectly the California statute. But it is not so much what is omitted from the California Code as what is adopted that concerns us here in the case at bar.

Our statute of Civil Procedure is copied almost literally from the Idaho statute, and section 192 of our Code follows very closely section 3499 of the Idaho Code. The latter Code was evidently based on the California Code of Procedure, and follows it very closely. The Idaho Code having omitted section 582 of the California Code, it is not strange that our Code of Civil Procedure does the same.

If it is necessary to explain the omission of section 582 of the California Code of Civil Procedure from our Code, on the same subject, it may be said that our statute, in following the Idaho Code of Civil Procedure, omitted the section mentioned as it appears in the California Code, and seek the reason for the omission in the jurisprudence of Idaho. The Supreme Court of Idaho has not as yet, so far as we are able to learn,.

given any explanation of such omission, nor do we deem it necessary to do so in this case; further than to say that the section omitted was probably deemed unnecessary, inasmuch as the sections adopted fully cover the cases which have already arisen or are likely to arise under the principles involved. Certainly the Legislature of Porto Rico never intended that our courts should be governed by section 582 of the California Code or should follow its provisions.

In the official publication of the Code of Civil Procedure of Idaho, under section 3499, can be found a reference to California decisions in the following note:

"An order of a lower court dismissing an action for want of prosecution will not be reversed by the Supreme Court unless there has been an abuse of discretion; and it is incumbent on the appellant to establish affirmatively that there has been such abuse. A court is justified in dismissing an action because of plaintiff's want of diligence in allowing an action to rest, without service of summons, for two years and eight months after the summons is issued. An action may be dismissed by the court for want of prosecution, notwithstanding an entry of default, where the notice to dismiss is given before summons is served, and the plaintiff then serves the summons, and at the end of 10 days takes a default, but judgment is not entered up. The dismissal takes effect by relation back to the time of service of the motion." (Referring to *Grigsby* v. *Napa County*, 36 Cal., 585, 95 Am. Dec., 213.)

This note is quoted to show that the courts of Idaho follow the California decisions, in the interpretation of its Code of Civil Procedure, as well as in other statutes copied from those of the older State.

It is a familiar principle of law, often adverted to by this court, that when a statute of another state is adopted by our legislature and copied substantially into our statutes, it is to be presumed that the legislature intended also to adopt the construction already put upon the statute by the courts of last resort in the state from which the act is borrowed. See the following cases from our Supreme Court: *The People* v.

*Rivera* (a) *Panchito*, 7. P. R. Rep., 325; *The People* v. *Kent*, 10 P. R. Rep., 325; *López* v. *The Am. R. R. Co. of P. R.*, 3 P. R. Dec., 391; *Liborio* v. *Felici et al.*, 3 P. R. Dec., 514; *The People* v. *Puente*, decided February 17, 1908, 14. P. R. Rep., 109.

We are justified in applying this well established principle in this case both to the decisions of California and those of Idaho; and as Montana has an entirely similar statute we might also look to decisions in that State if any could be found.

We have been referred to no cases decided by the Supreme Court of Idaho nor of Montana, which construe the corresponding sections of the Code, but there are numerous California decisions to which we may turn for light on this subject.

In commenting upon section 581 of the California Code of Civil Procedure the Supreme Court of that State says that the trial court has power to dismiss an action, for want of prosecution, independently of the provisions of the section referred to; and that the maxim *Expresio unius exclusio alterius est* has no application to the terms of that section, and cannot be invoked against the existence of such an independent power. Evidently the power of courts, in such cases, is deemed inherent and not dependent on the statutes. (*People* v. *Jefferds*, 126 Cal., 296.)

The dismissal of actions by courts for want of prosecution is discussed by the Supreme Court of California in many of the earlier cases; and it is settled in California that a trial court may, in the exercise of its discretion, dismiss an action for this cause; and unless an abuse of discretion be shown, the Supreme Court will not interfere. Whenever there has been unreasonable and inexcusable delay in serving the summons, the action may certainly be dismissed, as is held in *Dupuy* v. *Shear*, 29 Cal., 238; *Carpentier* v. *Minturn*, 39 Cal., 450; *Eldridge* v. *Kay*, 45 Cal., 49; *Lander* v. *Fleming*, 47 Cal., 614, or in case of a failure to have the summons issued within one year from the filing of the complaint, as is decided in *Reynolds* v. *Page*, 35 Cal., 296; *Linden Gravel Min. Co.* v. *Sheplar*,

53 Cal., 245; but there can be no dismissal where such delay in issuing the summons is at the request of the defendant, as appears from the opinion in *Cowell* v. *Stuart,* 69 Cal., 525. So it has been held that the court may dismiss because of the plaintiff's neglect for more than two years to bring the case to trial, or to take steps looking to a trial (*Simmons* v. *Keller,* 50 Cal., 38); or for unreasonable delay in the prosecution of proceedings in insolvency (*Kornahrens* v. *His Creditors,* 64 Cal., 492); or for a neglect for 14 years to file a *remittitur* in the court below after the plaintiff has obtained a reversal of a judgment on appeal (*Chipman* v. *Hibberd,* 47 Cal., 638). In order to be available in the Supreme Court the question of diligence in prosecuting the action must have been first presented to the court below (*Poole* v. *Gaulfield,* 45 Cal., 107). As the court may dismiss an action for want of prosecution, so it may vacate the order of dismissal, and such order will not be reversed by the Supreme Court, unless there has been a clear and manifest abuse of discretion (See *Seymour* v. *Wood,* 63 Cal., 81). After a dismissal the action may be commenced anew, unless the statute of limitations had already barred the cause of action (*Kornahrens* v. *His Creditors,* 64 Cal., 492; and *Grigsby* v. *Napa County,* 36 Cal., 585, 95 Am. Dec., 215). The later cases follow the ones herein referred to and may be cited as follows: *Hunter* v. *Bryant,* 98 Cal., 247; *Clarke* v. *Baird,* 98 Cal., 642; *Kreiss* v. *Hotalling,* 99 Cal., 383; *Collins* v. *Scott,* 100 Cal., 446; *People* v. *Jefferds,* 126 Cal., 296.

In order to keep in view the provisions of sections 88 of our Code of Civil Procedure we will set it out here in *ipsis mis verbis;* to wit:

"The secretary must indorse on the complaint the day, month and year that it is filed, and at any time within one year thereafter, the plaintiff may have a summons issued; and if the action be brought against two or more defendants, who reside in different districts, may have a summons issued for each of such districts. But at any time within the year after the complaint is filed, the defendant may, in writing, or by appearing and answering or demurring, waive the

issuing of summons; or, if the action be brought upon a joint contract of two or more defendants, and one of them has appeared within the year, the other or others may be served or appear after the year, at any time before trial."

From the use of the word "may" instead of "must" in speaking of the issuance of the summons it would seem that it is not mandatory on the plaintiff to cause the writ to issue but directory merely. (See *Medbury* v. *Swan*, 46 N. Y., 200; *People* v. *Syracuse*, 128 N. Y., 632; 29 N. E. Rep., 146.) And besides, no penalty of any kind is affixed to a disregard of this statute which leaves its enforcement largely in the discretion of the court, under the provisions of other statutes.

From the authorities cited and for the reasons given we feel constrained to hold that the trial court, in the exercise of a sound judicial discretion, had authority, independently of section 192 of the Code of Civil Procedure, and notwithstanding the provisions of section 193 of the same Code, to dismiss an action, on account of the summons not having been issued in accordance with the requirements of the Code of Civil Procedure as expressed in section 88 thereof; and the order should be upheld unless there is some other reason than mere lack of authority why the said order was improperly made.

It is contended that this inherent power can only be exercised when there is inexcusable negligence or delay on the part of the plaintiff in causing the issue and service of the summons; and that such negligence or delay does not exist in this case. We believe this contention is supported not only by reason but by authority; and unless there has been such negligence the trial court should not have dismissed the case. (*Murray* v. *Cleeson*, 100 Cal., 511; *Kreiss* v. *Hotaling*, 99 Cal., 383; *Dupuy* v. *Shear*, 29 Cal., 236; *Carpentier* v. *Minturn*, 39 Cal., 450; *Eldredge* v. *Cog*, 45 Cal., 49; *Lander* v. *Fleming*, 47 Cal., 614.)

Let us examine the record in detail.

In this action the original complaint was filed on the 26th of April, 1905; whereupon, the attorney for the complainants made an affidavit that the whereabouts of the defendant were unknown to him, and that he had not been able to ascertain where he could be found and that he had examined the papers in this case, and that there was a cause of action against the individuals who formed the succession defendant; and on the 28th of April he made an application for citation by publication.

As it appears on pages five and six of the record, the defendant succession was duly summoned, the attorney for the complainants asked for a judgment by default, and annotation of such default was made on the 16th of February, 1906, and on the 27th of March, 1906, the court rendered a judgment by default. Then, as the following proceedings showed, an execution was issued against the property of the defendant succession.

On the 17th of December, 1906, José Tous Soto, Esq., appeared in court, on behalf of the defendants, and asked that the judgment and the sale made by the marshal under it should be set aside. There were several grounds for this motion, one of them being that the summons had not been issued before the publication; but defendants did not apply for a dismissal of the case.

On the 22d of January, 1907, the said attorney presented another motion, wherein he amended his former motion so as to show that his appearance was made in behalf of the members of the succession defendant, and supplied the defect in his previous motion by naming each of the defendants specifically.

On the 5th of March, 1907, the court set the judgment aside, because, as no summons had been issued, it had not obtained jurisdiction. There was an appeal taken from this judgment by the complainants, to this court, which was subsequently, on the 16th of April, 1907, dismissed by them; and on the 23d of April, 1907, the complainants filed a supplemental

complaint; and they also asked for an attachment to secure the effectiveness of the judgment which might be rendered. This attachment was ordered on the 27th of April, 1907.

On the 20th of August, 1907, there was a summons issued and it was subsequently served upon one of the defendants. The attorney for the complainants also presented another affidavit showing the residence of the defendants to be beyond the limits of the island, and ordering the publication of a copy of the summons in the newspaper called the *Eagle of Porto Rico*. Subsequently there appears in the record an affidavit of the manager of the *Eagle of Porto Rico* showing that publication of the summons had been made; and this latter affidavit is dated 30th of October, 1907.

On the 10th of December, 1907, the attorney for the complainants urged that, as the ordinary time necessary for the appearance of the defendant had elapsed, annotation of default be made and this was duly done on the same day.

On the 18th of January, 1908, the defendant appeared specially asking the annulment of the summons alleged to have been issued in contravention of article 88 of the Code of Civil Procedure, and praying also the dismissal of the case, and accordingly a judgment dismissing the action and of course incidentally annulling the summons, was entered on the 4th of February, 1908.

The complainants, as appears from this review of the proceedings, never ceased to prosecute their action. There has been no neglect or lack of diligence or unreasonable delay on their part. They caused citation to be published, erroneously supposing that they had done enough in naming the succession as defendant, and proceeded to judgment and execution when there was no response to their citation made by publication.

When the defendants first made their appearance and asked that the judgment should be set aside, they did not pray for a dismissal of the action. Within the letter of the law, they could have asked for it then, and, if they were entitled to it at all, they were entitled to it at that time. They contended

themselves with merely asking that the judgment by default should be set aside, thus leaving the action still pending. Doubtless supposing that they still had a right to proceed in the action, thereupon, after the appeal had been dismissed, the plaintiffs filed an amended, or, it may be called, a supplemental complaint. A supplemental complaint is more proper in this case than an amended complaint; and the pleading, although it may have been called an amended pleading, was really a supplemental one. (*Great Western Telegraph Co. v. Purdy,* 162 U. S., 334; *Root v. Woolworth,* 150 U. S., 410.) It is evident that if the defendant had asked for a dismissal of the action and it had been dismissed the complainants might then have filed a new complaint doing everything which they subsequently did. As the amended or supplemental complaint was duly filed, and as the summons and publication both took place during a year thereafter, it seems that the complainants brought themselves within the spirit if not within the letter of section 88 of the Code of Civil Procedure, and it does not appear that there was any imperative reason for the court, under these circumstances, to dismiss the action. After the complainants had taken all the steps that they had, and showed the court their desire to prosecute their suit to a prompt conclusion there was no occasion for the court to exercise any discretion in the matter; but its duty was simply to apply the law as written in section 193 of the Code of Civil Procedure, and refuse the application to dismiss the case.

But as it is elaborately presented in the brief we pass to the second point made by appellant. It is contended that the motion requesting the dismissal of the case could not have been presented by the defendants after their default had been noted by the secretary. The motion made by defendants herein for dismissal virtually attacks the jurisdictional power of the court to note the default or to render a judgment, after the year may have been considered to have expired for the issuance of the summons, according to section 28 of the Code

of Civil Procedure. And it is well settled that questions of jurisdiction may be presented, considered and acted on at any time. But it is unnecessary to consider this motion as a question affecting the jurisdiction. It has been repeatedly and correctly held in California that even after the annotation of a default the defendant may appear for the purpose of making a motion to set aside the default or to dismiss the case for noncompliance with some provisions of the statute. Then the motion did not come too late. (*Collins* v. *Scott,* 100 Cal., 446; *Clarke* v. *Baird,* 98 Cal., 642; *Hunter* v. *Bryant,* 98 Cal., 247.)

Let us now consider the third point made by the appellant in his brief.

He claims that the amended complaint, when presented, replaces the original one for all legal purposes; and hence that the year within which the summons may be issued, as prescribed in section 88 of the Code of Civil Procedure, must be computed from and after the filing of such amended complaint. Several California cases are cited in support of this proposition. On an examination of these and other cases from the Supreme Court of that State we find that it is held as the uniform current of authority, in that tribunal, that the original complaint is superseded by the amended complaint when filed and henceforth fills no office as a pleading; except that as evidence of the date on which suit is brought, and for a few other purposes, such a pleading may sometimes be used. (*Collins* v. *Scott,* 100 Cal., 446; *Hunter* v. *Bryant,* 98 Cal., 247; *Barber* v. *Reynolds,* 33 Cal., 501.) See also the cases cited on page 454 of 100 California Reports. In this case the exception contained in the proposition announced as supported by the cases cited is the part of the decision which is applicable to the case under our consideration.

Then, if we merely considered the matter, as thus presented, we might hold that the time prescribed in section 88 for the issuance of the summons, must begin to run from the date of the filing of the original complaint; this being the beginning of the action according to section 57 of the Code

of Civil Procedure. But, although in our statute no mention is made of supplemental pleadings, there is in the very nature of things a considerable difference between an amended complaint and a supplemental complaint, which the one found in the record virtually amounts to; merely adding, as it does, other parties defendant, or more strictly speaking, setting out the names of defendants who were before described in general terms as "The Succession of Francisco Giráldez." See the cases heretofore cited. An amended complaint is used, properly speaking, to correct some error in the original pleading, and to perfect that which might be deficient or to correct that which might have been incorrectly stated. (*Hardin* v. *Boyd,* 113 U. S., 756; *Supreme Tent K. of the M.* v. *Cox,* 24 Tex. Civ. App., 366.)

The office of a supplemental complaint is to meet a new state of facts arising or disclosed after the filing of the original complaint; such as the addition of parties newly discovered as being interested in the subject matter of the litigation. (*Pouder* v. *Tate,* 132 Ind., 327; *Scroggin* v. *Johnston,* 45 Neb., 714; *Halsted* v. *Halsted,* 27 N. Y. Supp., 408.)

This distinction can be drawn regardless of the fact that there is no mention made in our Code of Civil Procedure of a supplemental complaint, all such pleadings being classed therein as amended complaints. This cannot affect the nature of pleadings and the well-established differences recognized in other jurisdictions, to whose jurisprudence we are accustomed to resort for aid in the elucidation of general principles and the interpretation of our own statutes. It can at least be said that the pleading referred to, if an amended complaint, is quite different from the ordinary pleading bearing such a name and is analogous to a supplemental complaint, or petition, which we find recognized, in equity practice, by the Supreme Court of the United States, and in all cases by the courts of Texas, and many other States, where there is no distinction between law and equity, as is the case also in our

own Island. (See cases cited previously from 162 U. S., 334 and 150 U. S., 410, and others above mentioned.)

Then inasmuch as the supplemental complaint names new parties defendant, who are the very ones moving the dismissal of the action, it seems clear to us that the date from which the year prescribed in section 88 should begin to run is that of the filing of the supplemental complaint making the new parties defendant. This is another reason why the judgment of the court below should be reversed.

The appellant finally cites us to section 142 of the Code of Civil Procedure and comments on the facts to show that if this order of dismissal should be affirmed, it would be useless for the appellants to institute a new suit because there were other attachments covering the property and the defendants do not possess any other property in the Island subject to attachment. This section of our Code does not have the scope sought to be given it by the appellants. The questions of procedure were properly made and presented in the court below, and we cannot ignore them or disregard them on the ground that they "do not affect the substantial rights of the parties." The rights secured by section 88 of the Code of Civil Procedure, in favor of each party according to its terms, are *substantial* rights and must be protected by the courts when properly urged for consideration. But that section does not require the summons to issue within one year; the word "may" not being equal to "must" in that section. But in the view taken by us of the case herein it is unnecessary for the appellant to urge this point or for us to make further comment thereon.

Two other matters are adverted to in respondent's brief which are not touched upon in the brief of the appellants; but we do not deem it necessary to discuss them. Even had those matters been presented to the court and urged by the appellants in oral arguments or otherwise, they could not have formed a basis for the reversal of the judgment from which this appeal is taken.

For the reasons stated the judgment of the district court should be reversed and the cause remanded for proceedings in accordance with the views herein expressed.

*Reversed.*

Justices Hernández, Figueras and Wolf concurred.