[Civ. No. 3088.  First Appellate District, Division Two.—July 28, 1920.]

## MINNIE WISNOM, Appellant, v. M. McCARTHY et al., Respondents.

[1] DISMISSAL—FAILURE TO PROSECUTE WITH DILIGENCE—INHERENT POWER OF COURT.—It is an inherent right of the courts to dismiss a suit for failure to prosecute it with due diligence.

[2] ID. — DELAY IN SERVICE OF SUMMONS — KNOWLEDGE OF WHEREABOUTS—ABUSE OF DISCRETION—ABSENCE OF.—Where it uncontradictedly appears from the affidavit of a defendant that summons was served upon his codefendant, who appeared and answered, and that about two and one-half years after the action was commenced and summons issued, the action was tried and submitted to the court for consideration and decision, that summons was never served upon him until about a week thereafter, and that during all of the time subsequent to the commencement of the action and issuance of summons he was a practicing physician in a given city, which fact and knowledge of his whereabouts were known to plaintiff and her attorney, and that he could have been served with summons during his office hours on any day, except Sunday, during all of said time, but that no effort was made to serve him with summons until after the trial, it is not an abuse of discretion to dismiss the action as to him.

[3] HUSBAND AND WIFE—DOMESTIC SERVICES—NECESSARIES—LIABILITY OF HUSBAND.—The husband is liable for domestic services rendered partly while he and his wife were living together and partly after he had deserted her without cause, and was not furnishing such necessaries for her where such services were necessaries of life for persons in the economic and social position of himself and wife.

[4] ID.—LIABILITY OF WIFE FOR NECESSARIES.—Under section 171 of the Civil Code, the wife is liable for the price of the necessities thus furnished while she and her husband were living together.

[5] ID.—DISMISSAL OF ACTION AS TO HUSBAND—OBLIGATION OF WIFE UNAFFECTED.—In an action against a husband and wife for neces-

3.  Liability of husband for necessaries furnished wife while living with him, notes, 98 Am. St. Rep. 627; Ann. Cas. 1915A, 3; 65 L. R. A. 529; 47 L. R. A. (N. S.) 279; 7 B. R. C. 396.

Liability of husband for necessaries furnished wife while living apart from him, note, L. R. A. 1917A, 958.

4.  Liability of wife for household expenses, note, Ann. Cas. 1917C, 561.

saries of life furnished partly while they were living together and partly after he had deserted her without cause and was not furnishing such necessaries for her, the dismissal of the action as to the husband for failure to prosecute it against him with due diligence does not affect the obligation of the wife.

[6] ID.—PERSONAL CONTRACT OF WIFE TO PAY—EVIDENCE.—In this action brought against a husband and wife to recover for domestic services furnished by the plaintiff, the evidence showed a personal contract on the part of the wife to pay for such services and a liability therefor irrespective of the limited one possible under the provisions of section 171 of the Civil Code.

[7] HUSBAND AND WIFE — STATEMENT OF ACCOUNT — APPROVAL BY WIFE—EVIDENCE.—In an action against a husband and wife to recover for domestic services furnished by the plaintiff, for which the husband and wife were jointly liable, a statement of account prepared by the plaintiff and indorsed by the wife as being correct is admissible against the wife as a statement of account.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Affirmed in part; reversed in part.

The facts are stated in the opinion of the court.

Wm. T. Eckhoff for Appellant.

Mrs. M. McCarthy, *in pro. per.,* for Respondents.

LANGDON, P. J.—This is an appeal from an order sustaining the demurrer of the defendant Mrs. C. F. McCarthy to the third, fourth, fifth, and sixth causes of action set up in the second amended complaint, and from an order granting her motion for a nonsuit, and from an order of dismissal as to the defendant C. F. McCarthy, her husband.

The action was one to recover for domestic services rendered in the household of the defendants. The first count alleges that the defendants were, at all times mentioned therein, husband and wife; that the plaintiff performed work and labor for them in their household at the special instance and request of said defendants, and each of them, from March 1, 1910, to November 30, 1915, at an agreed rate of thirty-five dollars per month; that the services were necessaries of life to persons in the situation of the defendants; that, thereafter, on January 26, 1916, plaintiff and defendants,

desiring to state an account of their aforesaid transactions, agreed that the defendants were indebted to the plaintiff in the sum of $1,135, and that an account showing such indebtedness was signed and delivered by defendant Mrs. McCarthy as her own act and as agent for her husband.

The second count states generally the same matters with reference to the defendants' employment of the plaintiff, and asks for $560, balance due for the reasonable value of services from May 1, 1914, to November 31, 1916. The general demurrer of Mrs. McCarthy was sustained as to this count.

The third count is for the agreed price of the services set out in the second count, and for the same amount—the only difference between the two counts being that one is for reasonable value and the other for the agreed price. The demurrer of defendant Mrs. McCarthy to this count was upon the ground that the cause was barred by the statute of limitations. The demurrer was sustained.

The fourth, fifth, and sixth counts were based upon the same services, rendered from March 1, 1910, to July 31, 1914, recovery was sought under the theory of reasonable value and the theory of agreed price. The account stated was pleaded to avoid the bar of the statute. At the close of plaintiff's evidence upon the motion of defendant Mrs. McCarthy, a nonsuit was granted against the plaintiff as to the counts which had not been stricken out upon demurrer.

Before considering the correctness of this ruling upon the motion for nonsuit, we shall first dispose of the appellant's objection that the motion of the defendant Dr. C. F. McCarthy to dismiss the action as to him was improperly granted. Said defendant filed his said motion on the ground of lack of diligence and long and unnecessary delay in serving summons upon him, and because of laches, lack of diligence and want of prosecution. In support of this motion he filed his affidavit, which stands uncontradicted in the record, to the effect that the action was commenced on August 24, 1916, and summons duly issued on said date; that summons was served upon defendant Mrs. McCarthy, who appeared and answered, and said action was set for trial and the trial was continued from time to time, and thereafter, on January 22, 1919, the action was tried and submitted to the court for consideration and decision; that

summons in said action was never served upon defendant C. F. McCarthy until January 31, 1919; that the said C. F. McCarthy has been for many years a practicing physician, as was well known to plaintiff, and has been practicing his profession since March 23, 1916, in the Shreve building in the city and county of San Francisco, all of which facts were well known to plaintiff; that his name and office hours at all times appeared conspicuously on his office door; that affiant has been constantly in attendance at his said office on each day from 2 to 4 o'clock in the afternoon, except for a period of about seven days during the summer of 1918, and at all of said times could have been found at his said office and could have been served with summons; that his name and address at all said times appeared in the telephone directory and that plaintiff and her attorney at all times have known his address, and that he could have been served with summons during his office hours on any day except Sunday, during all of said time; that no effort was made to serve him with summons until after the trial, and that plaintiff has been guilty of inexcusable and unnecessary delay in serving said summons, and neither plaintiff nor her attorney has exercised reasonable diligence. There is no attempt made by plaintiff to controvert these allegations in the affidavit of C. F. McCarthy upon the motion to dismiss as to him. [1] It is an inherent right of the courts to dismiss a suit for failure to prosecute it with due diligence. (9 R. C. L. 206; *Witter* v. *Phelps,* 163 Cal. 655, [126 Pac. 593].) [2] Under the uncontradicted facts, it would appear that the court has not abused its discretion in the present instance. Such action by the trial court under similar circumstances has been repeatedly upheld upon appeal. (*Grigsby* v. *Napa County,* 36 Cal. 585, [95 Am. Dec. 213]; *Eldridge* v. *Kay,* 45 Cal. 49; *Lander* v. *Flemming,* 47 Cal. 614; *Linden Gravel Mining Co.* v. *Sheplar,* 53 Cal. 245; *Kreiss* v. *Hotaling,* 99 Cal. 383, [33 Pac. 1125]; *Stanley* v. *Gillen,* 119 Cal. 176, [51 Pac. 183].)

We shall revert now to the correctness of the ruling upon the motion for nonsuit, made by the other defendant, Mrs. McCarthy. After her demurrer to the first count had been overruled she filed an answer denying that an account had ever been stated by her, either for herself or as agent for the defendant C. F. McCarthy; also setting up the defense

of another action pending in San Mateo County, and that the present action was barred by the statute of limitations. [3] The plaintiff pleaded and proved that the services were necessaries of life for persons in the economic and social position of the defendants; that they were partly rendered while the husband and wife were living together, and partly after he had deserted her without cause and was not furnishing such necessaries for her. Under such facts the husband would be liable for the expenses of his household. (*Title Ins. Co.* v. *Ingersoll,* 158 Cal. 474, 492, 493, [111 Pac. 360].)

[4] Also the wife would be liable for at least the price of the necessities thus furnished while the husband and wife were living together under the provisions of section 171 of the Civil Code. The scope and operation of this section has been carefully and thoroughly considered in the case of *Evans* v. *Noonan,* 20 Cal. App. 288, [128 Pac. 794]. In that case the action was brought to recover for medical services furnished to the children of the defendants, who were husband and wife, and, upon appeal from the judgment, the liability of the wife was considered under section 171. Facts were stipulated in that case which are analogous to the facts in the present case. There the defendants were husband and wife, living together at the time of the rendition of the services. The medical services were necessaries for the minor children of defendants. They were furnished at the request of the husband and not at the request of the wife. The court held, in discussing section 171 of the Civil Code (20 Cal. App. 294, [128 Pac. 796]): "But whatever might have been the legislative motive prompting the enactment of the amendment, it is plainly manifest that the intention was thus to make the wife jointly liable with her husband for the payment of debts contracted by either or both for necessaries furnished to either or both while they are living together, restricting, however, the wife's liability by limiting the right to take her separate property in execution of a judgment for a debt so contracted to such of her separate property only as she may have acquired after marriage otherwise than by devise or succession. That the liability imposed upon the wife by the amendment was intended to be for debts which might be contracted by the husband alone for necessaries furnished to herself or her

husband or both while they are living together, seems clear not only from the language itself of the amendment, but also from the fact that the section before amended expressly foreclosed any right to take any of her separate property for the extinguishment of her husband's debts. The purpose of the amendment, in other words, seems to have been to authorize the doing of a certain thing to a limited extent which was theretofore altogether expressly forbidden.''

It is, of course, true that as the liability of a married woman, under section 171 of the Civil Code, is measured and fixed by the statute, it must necessarily be so measured and fixed by any judgment against her. (*Evans* v. *Noonan,* 20 Cal. App. 297, [128 Pac. 794].) The procedure to be followed is discussed in said last-mentioned case, and it is said that in any case where it is claimed that property levied upon is exempt from execution, the question whether the wife's separate property levied upon in execution of a judgment obtained against her for necessaries is or is not exempt under the section may be tried and decided in some appropriate proceeding after execution. This would necessarily be so because the issue could not arise except upon the taking of the property after execution.

[5] The dismissal in the present action, as to the husband, did not affect the obligation of the wife. Under the holding in *Evans* v. *Noonan, supra,* the defendants were jointly liable. Plaintiff might, therefore, have sued either, or, having sued both, she might have dismissed her action as to either. These rules regarding joint and several liability have always been recognized in California. (*Stearns* v. *Aguirre,* 6 Cal. 176; Code Civ. Proc., sec. 414; *Callahan* v. *Danziger,* 32 Cal. App. 405, [163 Pac. 65].)

We, therefore, reach a point where we must hold that a judgment under section 171 of the Civil Code against Mrs. McCarthy would have been proper under the pleadings and proof, and the judgment of nonsuit as to her must be reversed.

As it is uncertain, from the facts before us, whether or not a judgment restricted in its application to conform to the limitations of section 171 of the Civil Code would afford the plaintiff relief in the present action, it is appropriate for us to consider the evidence and admissions in the light of appellant's contention that the defendant Mrs. Mc-

Carthy should be charged for these services upon her own contract and irrespective of her husband's liability and irrespective of section 171 of the Civil Code. Section 158 of the Civil Code permits a married woman to enter into contracts with third persons. The plaintiff entered the employ of the defendants in 1908. The contract of employment was made between her and Mrs. McCarthy. She was a housemaid, engaged in doing every branch of the domestic work. She was first paid thirty dollars a month. In 1910 Mrs. McCarthy increased her wages to thirty-five dollars a month, of which Dr. McCarthy paid twenty-five dollars and his wife for a short time paid ten dollars. Dr. McCarthy left his home in 1914, and there was a subsequent divorce. On leaving he sent his check to the plaintiff for twenty-five dollars, bearing the notation that it was for payment in full, and his messenger and attorney in fact then told the plaintiff that she was discharged. Mrs. McCarthy told the plaintiff not to accept the check and she immediately re-employed her. The plaintiff refused the check, and remained in the employment of Mrs. McCarthy until December 1, 1915. On January 26, 1916, Mrs. McCarthy approved a document hereinbefore referred to and relied upon by plaintiff to remove the bar of the statute of limitations.

[6] Under section 158 of the Civil Code, Mrs. McCarthy had power to contract to pay for what she received, whether necessaries or not. As to the additional ten dollars a month over what Dr. McCarthy paid the plaintiff prior to the separation, which makes up $470 of the claim, Mrs. McCarthy undertook to pay this amount. When, at the time of the separation, Dr. McCarthy discharged the plaintiff, Mrs. McCarthy herself immediately re-employed her. The balance of the account is for wages earned after that event. In the cross-examination of the plaintiff, counsel for Mrs. McCarthy caused to be introduced as an exhibit on behalf of the defendant a letter from the plaintiff to Mrs. McCarthy, reading as follows:

> "17 Ranelegh Bld.
> 18 Aug
> — 17.

"Dear Mrs. McCarthy:

"I would like very much if you could let me have all or part of the bill you owe me. I feel quite sure you must

know how foolish it is to talk of making the Dr pay it. I couldent there is no case against him besides the bill is between you and I—I done without my salary to suit you not the Dr you know all about the bill just as well as I do. I done everything I could do gave my time and strength to help you it was for your convenience the bill it owe I needed the money very much many times but never so much as now Ive been sick more or less ever since I had Francis at the ranch I would never have been there only to help you out some time ago I met a friend of yours and she said you told her you were very much put out at my taking Francis to the ranch as you had plenty of money you had a monthly income from your uncle besides making 60 dollars per month by writing I never could forgive you for holding back my salary and allowing me to fret and worry all those years trying to help you out besides fretting about my own bill when you had plenty and could have paid me well It is over now and done with now and I will try to forget whether you were ever in need or not I dont know I do know I am the Dr says I have got to give up work entirely for from three to six months have a complete rest and treatment I am in a very serious condition it was no news to me I felt it coming but just fought against it always hoping things would be straightened out and my bill would be paid so I could take a month or two and rest. You know the bill has been running over seven years besides I spent 1 hundred twenty dollars trying to find out if the Dr. could be made to pay it besides 4 per cent interest all those years the amount in case you have forgotten is twelve hundred forty dollars including three months we were at the ranch. Mrs. Ridges has got to be paid for Francis board I will be willing to do that out of my salary whatever is over wont be any too much for taking care of his throat poor little Francis I don't grudge anything I ever done for him but you people can afford to pay the little I am asking and understood I was to get.

"Now Mrs. McCarthy I am not asking too much of you to see after the bill I am very anxious to follow the Drs advice when one has no home or friends they cant afford to be sick for very long unless they go to the poor farm and I do pray that after all I have gone through that humiliation is not in store for me it is impossible for me to

stop work until I fall down unless the bill is paid it means a lot to me who never could afford a second pair shoes always trying to save something for just such a time as this and now have to beg for what worked faithfully for.

"ANNIE."

These facts, we think, show a personal contract on the part of Mrs. McCarthy, and a liability irrespective of the limited one possible under the provisions of section 171 of the Civil Code.

Before the enabling sections of the code, liability for necessaries was enforced in equity against the separate estate of a married woman. (*Miller* v. *Newton et al.,* 23 Cal. 554.) Our code provisions now give statutory authority for this wholesome doctrine.

[7] The document introduced into evidence and relied upon as a statement of account, so as to take the claim out of the operation of the statute of limitation, was addressed to Dr. C. F. McCarthy and Mrs. C. F. McCarthy. It contained a statement of the amounts due for the various years, credits, etc., showing a total of $1,135. At the bottom of the page was written: "The above prepared by my direction is O. K. Mrs. C. F. McCarthy, January 26, 1916." The trial court held, upon Mrs. McCarthy's motion for a nonsuit, that this document did not constitute an account stated as to her upon the ground that she was not originally liable, and could not enlarge her obligation by stating that this account was correct in its amounts; that it was at all times only an obligation as to her husband, and her admission as to its correctness could not change this. In the light of the views herein expressed as to her joint liability for the debt, the document would be admissible against her as a statement of account.

The judgment as to defendant Mrs. McCarthy is reversed. The order granting the nonsuit is vacated, with instructions to the trial court to permit the defendant Mrs. McCarthy to state whatever defense she may have to the plaintiff's suit. If necessary, leave should be granted to the plaintiff to amend her complaint to correspond with the proof.

Brittain, J., concurred.