(May 31, 1922.)

# WERNER PIANO COMPANY, Appellant, v. CHARLES F. BAKER, Respondent.

[207 Pac. 588.]

SERVICE OF SUMMONS—UNREASONABLE DELAY—GROUND FOR DISMISSAL —DISCRETION OF LOWER COURT.

  1.  Unreasonable delay in serving the summons is ground for dismissing the action.

  2.  A judgment of the district court dismissing an action for lack of prosecution should be reversed only for an abuse of discretion.

APPEAL from the District Court of the Sixth Judicial District, for Custer County. Hon. F. J. Cowen, Judge.

Action on promissory note. Judgment of dismissal. *Affirmed.*

Milton A. Brown, for Appellant.

A motion to dismiss on the ground that the summons was not properly served is not in accordance with the practice of any code state. (*Kubli v. Hawkett,* 89 Cal. 638, 27 Pac. 57.)

The right of the district court to dismiss an action must be exercised upon a just discretion. This dismissal was an abuse thereof and the judgment should be reversed on that account. (C. S., secs. 6389, 6671, 6673; 6 Ency. Pl. & Pr. 920.)

Geo. L. Ambrose, for Respondent, files no brief.

McCARTHY, J.—Appellant filed its complaint against respondent in the district court on January 14, 1915. Summons was issued on January 14, 1916. *Alias* summons was issued on March 15, 1917. The *alias* summons was not served upon respondent until April 4, 1918. Respondent

moved to quash the summons, strike the complaint and dismiss the action, on the ground, first, that the *alias* summons was served more than one year after the issuance of either the original or *alias;* second, that the action had not been prosecuted with diligence. The motion was supported by the affidavit of respondent's attorney stating that respondent had been a resident of the county in which the action was brought from the time the complaint was filed until the *alias* summons was served, and had been within the county practically all of that time. No counter showing was made by appellant. The district court sustained the motion and entered judgment of dismissal.

Our statute provides that summons may be issued at any time within one year after the filing of the complaint, C. S., sec. 6671; but does not provide within what time it must be served. Under a statute substantially the same, the California supreme court held that an unreasonable delay in serving the summons is ground for dismissing the action. (*Grigsby v. Napa County,* 36 Cal. 585, 95 Am. Dec. 213; *Carpentier v. Minturn,* 39 Cal. 450; *Eldridge v. Kay,* 45 Cal. 49; *Lander v. Flemming,* 47 Cal. 614.) We are in accord with that view.

A judgment of the district court dismissing an action for lack of prosecution should be reversed only for an abuse of discretion. (*Grigsby v. Napa County, supra; Carpentier v. Minturn, supra; Eldridge v. Kay, supra; Lander v. Flemming, supra.*) On the facts of this case we do not think the court abused its discretion. The delay in serving the *alias* summons, under the circumstances shown by the affidavit, made a *prima facie* case of lack of diligence, which was not met or overcome by any explanation or showing upon appellant's part. (*Lander v. Flemming, supra.*)

The judgment is affirmed, with costs to respondent.

Rice, C. J., and Budge, Dunn and Lee, JJ., concur.