7 | 319
7 | 414
26* | 920
27* | 4

7 | 319
20 | 876
f20 | 377

JONATHAN NEEDHAM, AND OTHERS, APPELLANTS, *v.*
SALT LAKE CITY, AND OTHERS, RESPONDENTS.

PRACTICE.—FILING COMPLAINT.—ISSUING SUMMONS.—Where complaint was filed November 13, 1888, and amended complaint January 16, 1889, and no summons was ever issued but defendants voluntarily answered without objection that the summons had not been issued within one year, the answer having been filed in December, 1889; *held*, that the commencement of the suit must be taken to be the filing of the complaint.

ID.—APPEAL.—NEW TRIAL.—WHAT REVIEWABLE.—Where appeal is taken from the judgment and from the order denying a new trial, and one of the grounds urged for new trial is that the evidence does not sustain the decision, and the motion for new trial is taken in time, the evidence is reviewable by the appellate court, who are empowered to review anything that the lower court passed upon in deciding the motion for a new trial.

ID.—NEW TRIAL.—NOTICE OF MOTION.—By the practice in Utah Territory it is regular to give notice of motion for a new trial and make the motion orally to the court when the matter comes on to be heard, and failure to file a formal motion is not error.

ESTATE OF DECEDENTS.—SALE BY ADMINISTRATOR.—JURISDICTION. —Under a probate statute which provided that the lands of decedents might be sold to pay debts and claims against the estate, when the personal property was insufficient, an order of sale made upon a petition which does not show debts or that the personal property is insufficient, and where the order does not show the same facts, is absolutely void, and is subject to attack collaterally.

QUIETING TITLE.—ADVERSE POSSESSION.—EVIDENCE.—Where the evidence to establish an adverse possession is unsatisfactory and indefinite, a finding in favor of an adverse possession cannot be sustained.

APPEAL from a judgment of the district court of the third district and from an order refusing a new trial. The opinion states the facts.

*Mr. Arthur Brown,* for the appellants.

*Mr. C. F. Loofbourow,* for the respondents.

BLACKBURN, J.:

This suit is brought to quiet title, and, before proceeding to decide the case, we wish to say that the abstract is so imperfect that the work of the court was vastly increased, because it was compelled to read the whole record to understand the case. Attorneys ought to take more pains in preparing their abstract. A preliminary question is, when was this suit commenced? The complaint was filed November 13, 1888 ; amended complaint, January 16, 1889 ; answer of defendants, December, 1889. No summons was issued in the case ; the defendants answered voluntarily. The statute of the territory expressly provides that the filing of the complaint is the commencement of the action (2 Comp. Laws Utah, § 3155); that a summons may issue within a year, and the defendants may within that time appear without summons, and defend the action (section 3203). The defendants did appear, and defended the action without making any point by their answer, or any other way, that a summons was not issued within a year. The suit was continued on the docket as commenced. We think, therefore, the date of the commencement of this action is November 13, 1888, 2 Comp. Laws Utah, p. 237.

Another preliminary question is, what can the appellate court review in this case? The contention of the respondents is that the question as to whether the evidence

justifies the judgment cannot be reviewed because the appeal was not taken within sixty days from the rendition of the judgment. The appeal was not taken within sixty days from the rendition of the judgment; but the appeal was taken both from the judgment and from the order overruling the motion for a new trial, and only a few days from the date of the order. The notice of motion for a new trial states that the motion is made upon the ground, *inter alia,* that the evidence does not support the judgment. We think the appellate court can review anything the court below might rightfully pass upon, on the hearing of a motion for a new trial, in an appeal from the order overruling the motion. Therefore we think the whole case is subject to review by this court. *Mc-Laughlin* v. *Doherty,* 54 Cal. 519, 520; 2 Comp. Laws Utah, § 3635.

The defendants contend that the appeal from the order overruling the motion for a new trial cannot be considered, because there is no such motion in the record. There is a notice of such motion and such an order, and it is too late to take advantage of the want of the formal motion for the first time in this court, and the practice in this territory is to allow the notice of the motion for a new trial to take the place of the formal motion.

This suit is brought to quiet title to the quarter section of land described in the complaint, by the heirs of Jonathan Needham, deceased. The defendants filed an answer denying the allegations of the complaint, and a cross-complaint alleging they are the owners of a portion of the land of said quarter section, and deraign their title through a deed from the administrators of the estate of said decedent to the city of Salt Lake. They also set up adverse possession for more than seven years. The

decedent settled upon the land, and made final proof and paid for the land in his life-time, and after his death a patent for the land was issued to him. This gives the heirs a title in fee, unless the title passed out of them by the sale and deed made by the administrators; but plaintiffs claim that the proceedings in the probate court in the applications of one of the administrators are absolutely void. The first question is, is this contention by the appellants well taken? These proceedings were had in 1875, under the law as it then existed. It provided that the lands of decedents may be sold to pay debts and claims against the estate when the personal property is not sufficient to pay the same, but it did not provide the mode of procedure; it only gave the probate court jurisdiction to order the sale of the land on the application of the administrators. Comp. Laws Utah 1876, pp. 265–269.

In this case application was made to the probate court, by only one of the administrators (there being two), on August 23, 1875; the order of sale, August 27, 1875; sale, August 28, 1875; and confirmation of sale, September 3, 1875. No notice of the application or of the sale or of the confirmation was given. The statute does not provide that any notice of these proceedings shall be given, but is silent on the subject. The contention of the appellants is that these probate proceedings are *coram non judice,* and void for want of notice. In the view we take of this case, it is not necessary to pass upon that question. But it seems to us, when a special proceeding is provided for by statute, and the manner of performing it is not specified, it ought to be according to the course of the common law, and the rule at common law is that every person interested in any adjudication shall have an opportunity to be heard, and to have

notice so that he may be heard. Yet many authorities hold that in the class of cases under discussion notice to heirs is not necessary. On that question we pass no opinion. Another contention of the appellants is, the petition to the probate court to have this land sold did not state facts sufficient to give the court jurisdiction of the subject-matter. We think this contention is well taken. Two prerequisites to authorize the probate court to order the administrators to sell the lands of decedents are : (1) There must be debts or charges against the estate unpaid ; and (2) that the personal property of the decedent is insufficient to pay these debts and charges. "The rule is that a statutory remedy or proceeding is confined to the very case provided for and extends to no other. A party seeking the benefit of such a statute must bring himself strictly within not only the spirit, but also its letter. He can take nothing by intendment." Suth. St. Const. § 234 et. seq. The meaning of this is that this statute under discussion is *stricti juris,* and must be strictly followed.

The petition in this case does not allege that there exist debts or charges against the state unpaid; nor does it allege that there is no personal property to pay such debts or charges, if any existed. The logical conclusion, therefore, is, and from which there is no escape, that the court had nothing before it to give it jurisdiction. We think this view is supported by all the authorities. *Gregory* v. *McPherson,* 13 Cal. 577; *In re Spriggs' Estate,* 20 Cal. 125. In the case of *Grignon* v. *Astor,* 2. How. 319, cited by respondents, the court, through BALDWIN, J., says: "No other requisites are necessary to the jurisdiction of the county court than the death of Grignon, the insufficiency of his personal estate to pay his debts, and a representation thereof to the county court where he dwelt or his real estate was situated, and making

these facts appear to the court." In this case these jurisdictional facts were not made to appear to the court. Therefore it had no jurisdiction to act in the premises. Ror. Jud. Sales, says (section 317): "When jurisdiction has fully attached by petition," etc.,—making it clear that the court has jurisdiction only by petition, and the facts justifying the sale are jurisdictional, and must appear by petition. In *Comstock* v. *Crawford*, 3 Wall. 405, the court says, through FIELD, J.: "As thus seen, the representation of the insufficiency of the personal property of the deceased to pay his just debts was the only act required to call into exercise the power [the jurisdiction] of the court,—" clearly showing that the representation of that fact was necessary to authorize the court to take jurisdiction of the case.

In the petition to the probate court under discussion there is no allegation, nor any pretense of an allegation, that the personal property of Needham, deceased, was insufficient to pay the debts due from said estate, and legal charges against it; nor is there any allegation of any debts or charges against the estate. There is a recital as follows: "This petition respectfully represents that in order to settle up the business of the estate of said deceased, to pay certain debts and demands due and owing by said estate," etc. It requires quite a stretch of the imagination to say that that statement is an allegation that legal debts and legal charges exist unpaid against the estate. Again, the order of sale shows affirmatively that the real estate was not sold to pay debts and charges against the estate; but only that "it will be for the best interests of the said estate and the heirs of the said deceased to sell the land described in said petition." This shows clearly that the question of indebtedness and charges against the estate, and that the personal property was insufficient to discharge the same,—the only fact he

had jurisdiction to act upon,—was not taken into account by him.   These proceedings therefore are *coram non judice,* and absolutely void.   The deed from the administrators of Needham's estate passed no title to Salt Lake City, the grantee, and, that deed being in the chain of title through which these respondents claim, they had notice of its invalidity, and are not innocent purchasers without notice, and can take nothing by it.

Another contention of respondents is that they and their grantors have had adverse possession of the said lots 4, 5, and 6,—the portion of said quarter they claim to own,—for more than seven years prior to the commencement of the suit.   The court below found that fact for the respondents, but surely on the ground that this suit was not commenced November 13, 1888, for we do not think the evidence supports that view if the case was commenced at that time,   We have already said in this opinion that the filing of the complaint in this case —November 13, 1888—was the commencement of this suit; the effect of which is that adverse possession, in order to avail the defendants, must be for more than seven years prior to that date.   The evidence on that subject is that the city, the grantee of the administrators, took no possession, only to lay off a portion of the land into lots and blocks, and it does not appear when they did that.   The son of Henry Arnold, the grantee of the city, testifies his father bought these lots in the spring of 1881; that his father took possession of these lots about six months after he bought them; but specifies the possession he took as follows: " Some time in the fall of 1881 he plowed lot 4, and in the spring of 1882 he again plowed lot 4, and fenced in the lots, and sowed them in grass seed; and that he continued in actual occupancy of these lots until he sold them to the respondents in 1888."

This is the substance of all the evidence in reference to the possession of these lots or any of them. The presumption of law is, and it is so provided by the statute of this Territory, that the parties having the legal title to land are in possession, until the evidence shows a preponderance that it is held adversely to the owner. It is also a rule of law that the party alleging adverse possession must prove it. 2 Comp. Laws Utah 1888, pp. 221–229. It is clear, therefore, if suit was commenced 13th November, 1888, from the evidence that there has not been adverse possession of lots 5 or 6 by these respondents and their grantees for seven years prior to the commencement of this suit, and as to these lots they can take nothing by virtue of their adverse possession. As to lot 4 the case is different. The plowing of it in the fall of 1881 was taking adverse possession, and, if that plowing was done before November 13, 1881, the respondents are entitled to maintain their right to it by their claim of adverse possession. But it is wholly uncertain from the testimony whether the plowing done on that lot was before or after the 13th of November, 1881, and upon that question we will not pass, as in another trial of this case the parties may be able to make it appear whether the plowing was done before or after November 13th. On the whole record, therefore, we think the judgment ought to be reversed, and the cause remanded for further proceedings in accordance with this opinion. Judgment reversed.

MINER, J. concurred in the results.

ZANE, C. J., having once given an opinion upon this title did not participate in this decision.