AARON KEYSER, RESPONDENT, *v.* SAMUEL J. POLLOCK, APPELLANT.

SUMMONS — OBJECTIONS TO — WAIVER OF — BY GENERAL APPEARANCE — JURISDICTION.  ACTION HOW COMMENCED — UNDER SEC. 3202 C. L. U. 1888—STATUTE OF LIMITATIONS—SEC. 3143, C. L. U. 1888.

*Summons—Objections to—Waiver of—By General Appearance—Jurisdiction.*

A general appearance of a defendant by demurrer and answer, is a waiver of all objections to the summons, and by such appearance a court, which has jurisdiction of the subject-matter of the action, acquires jurisdiction of the person of the - defendant.

*Action How Commenced—Under Sec. 3202 C. L. U. 1888—Statute of Limitations—Sec. 3143 C. L. U. 1888.*

Under the provisions of Sec. 3202 C. L. U. 1888, in force when this action was commenced, an action was commenced by the filing of the complaint, and the complaint in this case having been filed within the period prescribed by Sec. 3143 C. L. U. 1888, for the commencement of an action on a promissory note, and the defendant having appeared generally, he became an active participant in an action commenced at the

date of filing the complaint, and, notwithstanding the fact that summons was served more than four years after the maturity of the obligation, the action was not barred.

(Decided Nov. 1, 1899.)
(Rehearing denied Dec. 6, 1899.)

Appeal from the Third District Court, Salt Lake County, Hon. A. N. Cherry, *Judge.*

Action on a promissory note. Judgment was rendered for plaintiff on the pleadings. From this judgment defendant appealed, alleging error in the refusal of the trial court to allow him to withdraw his demurrer and general appearance in the case for the purpose of objecting to the regularity of the summons. *Affirmed.*

*Frank Hoffman, Esq.,* for appellant.

*Messrs. Williams, Van Cott & Sutherland,* for respondent.

There is no special connection between payment of the clerk's fees and the filing of the complaint or issuance of the summons. The clerk had the power to and did file the complaint without receiving his fee. Witness his memorandum to that effect. *Fisher* v. *Emerson,* 15 Utah, 517; *Engleman* v. *State,* 52 Am. Dec. 494.

In the present case the clerk not only filed the complaint but placed his filing mark upon it. The question of his fee was a question between the clerk and the respondent, and certainly did not affect the appellant.

This action is, therefore, not barred by virtue of Section 3143 of the Compiled Laws of 1888, Vol. II, for the reason that it was commenced by the filing of the complaint on November 23d, 1895, within the time limited. Sec. 3202, C. L. 1888, Vol. II.

We do not assert that the filing of a complaint stays the statute of limitations forever, but we most emphatically claim that the statute does not divest a right but merely bars a remedy, and that such bar can be waived, and was waived in this action. Appellant might have appeared specially and moved to quash the summons. He preferred to demur, and by so doing, and challenging the sufficiency of a pleading he made a full appearance in the action. Sec. 3679, Compiled Laws 1888, Vol. II; Sec. 3334, revised statutes.

Even if he had withdrawn his demurrer it would not have had any effect upon his appearance. *Evans* v. *Iles*, 7 Ohio St. 234; *Dart* v. *Hercules*, 34 Ill. 395.

Appellant's desire to withdraw his appearance in order to take advantage of the irregularity in the issuance of the summons is an admission that this action is not barred by the Statute of Limitations. Had he moved to set aside the summons under a special appearance we would have been remitted to a new action which admittedly would have been barred, why? Because we could not then have filed our complaint in time.

The object of a summons is to be the defendant upon notice of the demand against him, and to bring him into court at the time therein specified. If he comes voluntarily, and makes his general appearance, the service of process, or any irregularity in such service is waived. The court has acquired jurisdiction of his person, and no subsequent action by either party can divest the court of that jurisdiction without its consent. *Needham* v. *Salt Lake City*, 7 Utah 319; *In re Ulrich*, Federal Cases 14327; *Houtz* v. *Gisborn*, 1 Utah 173; *Suydam* v. *Pitcher*, 4 Cal. 280; *Hayes* v. *Shattuck*, 21 Cal. 52; *Bliss* v. *Harris*, 70 Ill. 343; *Loomis* v. *Wadhams*, 8 Gray 561; *Jones* v. *Stevens*, 1 Colo. 67; *Cooley* v. *Lawrence*, 12 How.

Pr. 176; 3 Estes Pl. & Pr., Sec. 3951; 2 Ency. P. & P., 646.

Appellant claims that he should have been permitted to withdraw his general appearance, under Sec. 3005 of the revised statutes.

This section does not apply to the withdrawal of appearance.

The granting of relief under Section 3005 of the revised statutes is within the discretion of the trial court, and where there is no intimation of any abuse of discretion, the action of the court below will not be reviewed on appeal. *Butler* v *Butler*, 162 Mass. 524; *Walker Bros.* v. *Continental Ins. Co.*, 2 U. 333; *Enright* v. *Grant*, 5 U. 334; *McAlister* v. *Clark*, 33 Conn. 253; *Hammond* v. *Illotson*, 18 Barb. 332; *Bristin* v. *American Exp. Co.*, 15 Minn. 43; *State* v. *Bassett*, 33 N. J. L. 26. *Young* v. *Dickey*, 63 Ind. 31.

Baskin, J.

This is an action by plaintiff, who is the respondent, on a promissory note which by its terms was payable on the 1st day of February, 1893. The complaint was filed in the court below on the 23d day of November, 1895. This endorsement was made on the back of said complaint by the clerk: "Don't issue till fees paid. D. C. D." Summons was not issued until December 8th, 1897. It was served on the defendant, Samuel J. Pollock, who is the appellant, December 20, 1897. On the 27th of December, 1897, defendant's attorney filed a demurrer to the complaint, stating as the ground thereof, that, "The supposed cause of action stated in plaintiff's complaint, if any cause of action therein be stated, is barred by the provisions of Sec. 3143, Comp. Laws of Utah, 1888." The

period of limitation under said section was four years from the date at which the cause of action accrued.

Within a short time after filing said demurrer, defendant filed in the trial court a motion for leave to withdraw his demurrer and appearance, for the purpose of objecting to the summons and its sufficiency, and to the jurisdiction of the court. This motion having been denied, and the demurrer overruled, the defendant, on the 20th of December, 1898, filed the following answer:

"Defendant, answering plaintiff's complaint herein, alleges that the court has no jurisdiction in the subject-matter of this action, or of the person of the defendant, and that such fact does not appear on the face of the complaint; wherefore, defendant prays that this action may be dismissed, and the plaintiff take nothing thereby.

(Signed)                    "FRANK HOFFMAN,

"Attorney for Defendant."

Thereupon plaintiff moved for judgment on the pleadings. This motion was granted and judgment was rendered against the defendant for the amount of said promissory note and costs. From this judgment this appeal was taken by defendant.

The Third Judicial District Court of Utah Territory, in which the foregoing proceedings were had, was a court of general original jurisdiction, and therefore had jurisdiction of the subject-matter of said action, and by the demurrer and general appearance of the defendant, that court obtained jurisdiction of his person.

There was no abuse by the trial court in refusing to permit the defendant to withdraw his demurrer and general appearance in the case for the purpose of objecting to the regularity of the summons. If the defendant desired to object to the validity of the summons, he should have entered a special appearance for that purpose. By his

failure to do so, and by entering a general appearance and filing an answer to the complaint, he waived all objection to the summons. *Houtz* v. *Gisborn*, 1 Utah, 173–177; *Needham* v. *Salt Lake City*, 7 Utah, 319: *Jones, et al.*, v. *Stevens*, 1 Colo. 67; *Wyatt* v. *Freeman*, 4 Ibid. 14; *Suydam* v. *Pitcher*, 4 Cal. 280; *Hays* v. *Shattuck*, 21 Cal. 52; *Pixley* v. *Winchell*, 7 Cow. (N. Y.) 366; *Wright* v. *Jeffreys*, 5 Cow. (N. Y.) 15; 2 Enc. of Pl. & Pr. p. 644, Sec. 2 and cases there collated.

In the case in 7 Cowan, it was urged by defendant's counsel, in his argument of a motion to set aside a *capias ad respondendum*, that "It is never too late to take advantage of an irregularity like this, so long as the party knows nothing of it. The process is a nullity." The court in overruling the motion, said, that, "Without saying whether this writ is absolutely void, we are clear that it cannot be set aside at this stage of the cause. The defendant has taken a step, by which he is regularly in court, whether there be any process or not. We will not interfere, merely because the party acted in ignorance, that the process was void."

This brings us to the question, whether the action is barred by the provisions of Sec. 3134 of the statute of Limitations, of 1888.

Sec. 3129, provides that, "Civil actions can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued, except where in special cases, a different limitation is prescribed by statute."

The period prescribed for the commencement of an action on a promissory note, under Sec. 3143, is four years.

The complaint was filed within that period, but summons was not issued until after its expiration.

Sec. 3202, Comp. Laws 1888, which was in force at the date of filing said complaint, is as follows: "Civil actions in the courts of this territory are commenced by filing the complaint."

This action has no other basis than said complaint, none other having been filed, and therefore must have been commenced at the filing of the complaint. When defendant entered his appearance and demurred, he became an active participant in an action commenced at the date of the filing of the complaint, and by his demurrer voluntarily submitted himself to the jurisdiction of the court and invoked an adjudication of the case. This view is fully sustained in the case of Needham *v.* Salt Lake City, *Supra.*

It follows that as this action was commenced within four years from the time that plaintiff's cause accrued, that it was not barred.

The judgment of the lower court is therefore affirmed at the cost of the appellant.

BARTCH, C. J., and MINER, J., concur.