## ASKWITH v. ELLIS et al.

No. 5352.   Decided December 7, 1934.   (38 P. [2d] 757.)
Rehearing Denied January 7, 1935.

*Wm. L. Beezley,* of Salt Lake City, for appellant.

*J. W. Stringfellow,* of Salt Lake City, for respondents.

LARSON, District Judge.

This is an appeal from an order of the district court of Salt Lake county sustaining a demurrer to plaintiff's amended complaint. The record discloses that in April, 1923, plaintiff filed an action against defendants in the district court of Salt Lake county seeking a judgment on a promissory note dated May 1, 1922, and for the foreclosure of a real estate mortgage given to secure the same. On this original complaint no summons was issued or served, but on April 24, 1923, plaintiff and defendants entered into a written agreement whereby, in consideration of certain payments then made and certain stipulated monthly payments to be made by the defendants, plaintiff agreed to stay proceedings in court and dismiss the action without costs to defendants, provided they met all stipulated payments. The agreement concluded:

"Said Anna Askwith may at her option, at once proceed with said foreclosure, in default being made in any monthly payment, as though no extension had been granted."

Defendants immediately defaulted, making no further payments, and nothing further was done in the matter until November 24, 1931, when plaintiff filed an amended com-

plaint, setting up the making of the extension agreement and its breach. Summons was then issued and served upon defendants. Defendants then filed what they denominated a special motion in which they "move the court to strike from the records and from this cause said amended complaint as sham, surplusage, and spurious."

The court denied the motion to strike the amended complaint, but held that it was not an amended complaint, but that it was the commencement of a new action, directed that it be given a new filing number, and ordered plaintiff to pay a new filing fee. Defendants then demurred to the new complaint on the ground that the cause of action was barred by the statute of limitations. The court sustained this demurrer, plaintiff refused to plead further, the action was ordered dismissed, and plaintiff appeals from such order.

If this action was commenced on the 24th day of November, 1931, when the paper styled "Amended Complaint" was filed and summons issued and served, as the trial court held, then there can be no question but that the statute of limitations had run and the demurrer was properly sustained. The "Amended Complaint" showed on its face that the cause of action arose May 1, 1924; that no payments had been made since April 24, 1923, and nothing is pleaded to toll the running of the six-year statute of limitaions on a written instrument, which period expired May 1, 1930. The question, therefore, which is decisive of this action, the ruling of the trial court upon which this action turns is: Was this action pending from the filing of the original complaint in 1923, or did it commence with the filing of the "Amended Complaint" in November, 1931? The action originated when the first complaint was filed in 1923 had not been dismissed, no summons had been issued thereon, and no appearance thereunder made by the defendants. Except for the making of the written extension above referred to, which was not filed with the court, nothing was done except to file the original complaint, until the

"Amended Complaint" was filed in 1931 and summons issued thereon. The trial court held that, since no summons was issued or served under the original complaint, and since, under the provisions of Comp. Laws Utah 1917, § 6542, which is R. S. Utah 1933, 104-5-5, and which reads as follows: "If an action is commenced by the filing of a complaint with the clerk, summons must issue thereon within three months from the date of filing. If a summons is returned without being served upon any or all of the defendants, another summons may be issued and served at any time within one year after the filing of the complaint," a summons must issue within three months after filing the complaint, and must be served within one year, therefore, since no summons could thereafter be issued and served, the court could acquire no jurisdiction of defendants, there could be no service of summons after a year had passed, the action could never be completed or the court vested with jurisdiction to proceed in the matter in any way; and, since the court could not reach the defendants and could not proceed, the action died automatically, that is, the action just ceased to exist at the end of the year, was nonexistent, not pending, was a mere nullity, and did not thereafter toll the running of the statute of limitations.

It is clear that any attempt to serve summons upon defendant after the year had elapsed would be invalid and would give the court no jurisdiction over the person of defendants, would not bring the defendants before the court, and would confer no jurisdiction upon the court to make any adjudication against the defendants. In ▮ other words, the defendants and their rights could not, by such means, be brought within the power and jurisdiction of the courts; they could not, in that way, be forced or compelled to submit to the court's action and power of adjudication. But the defendants may come into court, without a summons, and voluntarily submit themselves and their rights to the power of the court for action and determination of their rights. R. S. Utah 1933, 104-5-8

(which is Comp. Laws Utah 1917, § 6545), and R. S. Utah 1933, 104-43-6 (which is Comp. Laws Utah 1917, § 7029). The service of a summons is not a prerequisite to give a court power and jurisdiction over a defendant, his rights and property; but is a necessary step to compel a defendant to submit himself and his rights and property to the jurisdiction and power of the court, that is, to bring the defendant and his rights juridically before the court against his will.

The statute, R. S. Utah 1933, 104-5-1 (Comp. Laws Utah 1917, § 6538), provides that ■

"an action may be commenced by the filing of a complaint with the clerk of the court in which the action is brought or by the service of a summons." It is provided in R. S. Utah 1933, 104-54-13 (Comp. Laws Utah 1917, § 7220): "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."

An action between these parties, on the note and mortgage, was commenced in April, 1923, by the filing of a complaint with the clerk of the district court of Salt Lake county. That action then would be pending, unless dismissed, until its final determination on the merits. No contention is made that there had been any determination upon the merits at the time the "Amended Complaint" was filed in November, 1931. The question remaining then is: Had the action thus commenced in April, 1923, been dismissed when the "Amended Complaint" was filed? How may an action, once commenced, be dismissed, or cease to be pending? R. S. Utah 1933, 104-29-1 (Comp. Laws Utah 1917, § 6848, Laws Utah 1923, p. 109), provides:

"An action may be dismissed without prejudice, or a judgment of nonsuit entered:

"(1) By the plaintiff himself at any time before trial, upon the payment of costs, if a counterclaim has not been made or affirmative relief sought by the answer of the defendant. If a provisional remedy has been allowed, the undertaking must thereupon be delivered by the clerk to the defendant, who may have his action thereon.

"(2) By either party upon the written consent of the other.

"(3) By the court when the plaintiff fails to appear on the trial and the defendant appears and asks for the dismissal.

"(4) By the court upon application of the plaintiff, before final submission, when, in the discretion of the court, such dismissal would be in furtherance of justice in view of all the circumstances appearing to the court.

"(5) By the court upon motion of the defendant, when upon the trial the plaintiff fails to prove a sufficient case for the jury. The offering of evidence after the overruling of a motion for a nonsuit shall not be deemed a waiver of the exception."

R. S. Utah 1933, 104-29-2 (Comp. Laws Utah 1917, § 6849), reads:

"In every case, other than those mentioned in the next preceding section, judgment must be rendered on the merits."

There is no provision in the statute by which an action ceases to exist; by which an action terminates, ends, is dismissed, automatically dies, or ceases to be pending, because not speedily and vigorously prosecuted, or because no summons has been issued or served. It may well be that such a rule would be advisable, salutary, and just, but it is the duty of the Legislature and not of the courts to make such the law. The authorities abundantly support this view. In the case of *Luke* v. *Bennion*, 36 Utah 61, 106 P. 712, 714, this court said:

"Under these statutes the action is commenced, not when the defendant is served or notified, but when the complaint is filed. It is pending, not only until the plaintiff has failed to serve a summons within one year thereafter, as contended by the respondent, or within a reasonable time, or until he has otherwise failed to prosecute the action with due diligence, but until its final determination, etc., or until something is done to put it out of court. To hold otherwise we are obliged to read something into the statute not found there, and to disregard the plain language of the statute." See, also, *Franklin* v. *Thatcher*, 53 Utah 397, 178 P. 922; *Keyser* v. *Pollock*, 20 Utah 371, 59 P. 87; 15 C. J. p. 797, 794 and 810.

It must follow, therefore, that the original action did not terminate; did not cease to be pending; did not die and be

automatically dismissed one year after it was commenced simply because no summons was issued or served within the year, but that the original action was, and, for all the record shows, still is, pending in the district court of Salt Lake county.

Was the "Amended Complaint" then properly filed in the original action as an amended complaint or was it in fact the institution of a new and original action? On its face it shows it was for the judgment upon the same note, and the foreclosure of the same mortgage as ■ the original action. In fact, it pleads the original action. The statute provides (R. S. Utah 1933, 104-14-3) that plaintiff may amend as of course and without leave of court at any time before the time for pleading to it has expired. The time for pleading not having expired, the cause of action being the same, and being filed before service of summons and copy served on defendants, it seems clear that the complaint of 1931 was not spurious, but was properly filed as an "Amended Complaint." The defendants were not yet before the court. Had they appeared specially with a motion to quash service of summons because not made within the year from the time the action was commenced, such motion might have been good. It may also be that defendants could have ignored the service of summons, on the ground that the return showed on its face that it was a nullity and could not vest the court with jurisdiction of defendants. But they did neither. They made no attack on the process by which it was sought to subject them to the jurisdiction, which they may have done specially, but attacked the complaint itself—the jurisdiction of the court over the res. They did not deny the jurisdiction of the court, but invoked it in their own behalf. They asked the court to exercise its power and jurisdiction on the action itself in their behalf. A party cannot invoke the jurisdiction of a court and at the same time deny he is in court. He cannot be in court for rulings in his favor and out of court for rulings against him. If he invokes the jurisdic-

tion of the court, he submits himself to the jurisdiction thereof. Assuming that the special motion to strike the amended complaint was a special appearance, yet, when the motion to strike was denied and the defendants thereafter demurred to the amended complaint on the grounds stated, such constituted a general appearance, as the trial court properly held, and defendants were in court for all purposes, subjects to its jurisdiction as fixed by the pleadings.

The action having been commenced in April, 1923, and within the period of limitation, the defendants having appeared generally in the action, the court having, therefore, jurisdiction of the action and the parties, it follows that the trial court erred in sustaining the demurrer of defendants to plaintiff's second amended complaint on the ground that the same was barred by the statute of limitations.

It is therefore ordered that the judgment be reversed and the cause remanded to the district court of Salt Lake county, with directions to reinstate the action and proceeding in accordance herewith. Costs to appellant.

STRAUP, C. J., and FOLLAND, EPHRAIM HANSON, JJ., and DILWORTH WOOLLEY, District Judge, concur.

ELIAS HANSEN and MOFFAT, JJ., being disqualified, did not participate herein.