475 P.2d 1005

**FIBREBOARD PAPER PRODUCTS COR-
PORATION, Plaintiff and Appellant,**

v.

**Ronald W. DIETRICH and Mrs. Ronald W.
Dietrich, Defendants,**

v.

**GREYHOUND BUS LINES, Garnishee
and Respondent.**

No. 11961.

Supreme Court of Utah.

Oct. 28, 1970.

Ellett, J., dissented and filed opinion.

Horace J. Knowlton, Salt Lake City, for
plaintiff and appellant.

James L. Wilde, Ray, Quinney &
Nebeker, Salt Lake City, for Greyhound
Bus Lines, garnishee and respondent.

TUCKETT, Justice:

The plaintiff commenced this action to
recover for goods, wares and merchandise
it claims were purchased by the defend-

ants.. The complaint was filed on February 21, 1969, and the plaintiff procured the issuance of a writ of garnishment on the same day. At the time of filing the complaint the defendants were residents of the State of California. A summons which was dated April 1, 1969, was forwarded to the sheriff of San Mateo County, California, for service upon the defendants. The summons was received by the sheriff on September 22, 1969, and was served on September 24, 1969, upon the defendant Ronald W. Dietrich.

Prior to the service of the summons upon the defendant Ronald W. Dietrich a copy of the summons together with a copy of the complaint was forwarded to Western Greyhound Lines, the defendant's employer. The defendant Ronald W. Dietrich on September 30, 1969, wrote a letter to counsel for the plaintiff with a copy addressed to the County Clerk of Salt Lake County, wherein he denied owing the bill sued upon, and also stated that if any further proceedings were had the defendant's attorney would handle the matter. A copy of the letter was filed by plaintiff's counsel on October 3, 1969, and it is the plaintiff's contention here that the letter constituted an answer to the complaint and the filing of the same constituted a general appearance on behalf of said defendant. The garnishee had answered that it was indebted to the defendant in the sum of

$248.96, which answer was dated on February 28, 1969.

At the instance of the plaintiff a default judgment was entered against the defendants on October 27, 1969. Thereafter the plaintiff moved the court for the entry of judgment against the garnishee, which motion was noticed up for hearing by the court. The garnishee appeared and moved the court to quash and set aside the writ of garnishment. The garnishee also moved to set aside the default judgment entered against the defendants. By an order dated December 4, 1969, the court granted the motion of the garnishee and quashed the writ of garnishment and also set aside the default judgment entered against the defendants. It is quite apparent from the examination of the file that the court failed to obtain jurisdiction over the defendants. While the summons was dated by plaintiff's counsel on April 1, 1969, the same was not in fact issued for more than six months thereafter. Rule 4(a), Utah Rules of Civil Procedure, provides that a summons shall be deemed to have issued when placed in the hands of a qualified person for the purpose of service. It is quite apparent that the summons served upon the defendant Ronald W. Dietrich was not timely issued.[1] To avoid the risk of having to pay twice the garnishee had the right to attack the

---

1. Rule 4(b), Utah Rules of Civil Procedure.

default judgment entered against the defendants.[2] The claim of the plaintiff that the defendant Ronald W. Dietrich made a general appearance by the filing of his letter above referred to is without merit. In any event, if it were to be construed as a general appearance the entry of judgment by default was erroneous.

We find no error in the decision of the court below, and the order of the court is affirmed. The garnishee-respondent is entitled to costs.

CROCKETT, C. J., and CALLISTER and HENRIOD, JJ., concur.

ELLETT, Justice (dissenting):

I dissent. This action was for the collection of an account due for merchandise sold to the defendants. It was commenced by the filing of a complaint, and at the same time a writ of garnishment was served upon Greyhound Bus Lines, the employer of Ronald W. Dietrich. Sufficient money was attached to pay the debt. The summons was not issued within three months following the filing of the complaint as required by Rule 4(b), U.R.C.P. However, in my opinion Mr. Dietrich made a general appearance in this case on February 27, 1969, when he filed a claim of exemption and motion to set aside the execution of attachment of wages. Mrs. Ronald W. Dietrich never made an appearance in this matter, and so she is not before the court.

The cases hold that an attack can be made upon the validity of a garnishment without making a general appearance, but the defendant here did not claim that the attachment was void. He acknowledged its validity and moved the court to release all of the funds upon the ground that his earnings were only $800 per month and his living expenses amounted to $845.40 per month. By asking for affirmative relief, he made a general appearance, and no summons was required to bring him before the court. The law is set forth in 5 Am. Jur.2d, Appearance § 21, as follows:

A general appearance is ordinarily effected by the making of any motion * * * based wholly or in part on non-jurisdictional grounds. * * *

Later, a summons was served upon Mr. Dietrich containing the following required language:

You are hereby summoned and required to serve upon or mail to plaintiff's attorney an answer in writing to the complaint and file a copy of said answer with the clerk of the above-entitled court within 20 days after service of this summons upon you. If you fail to do so, judgment by default will be taken against you * * *

2. 41 A.L.R.2d 1131.

Mr. Dietrich, following the directions in the summons, served a document upon plaintiff's attorney by mailing it to him and also mailed a copy to the District Court of Salt Lake County where the action was pending. It is reproduced herewith.[1] As an answer it was somewhat informal but in my opinion satisfied the requirements of the law as to making a general appearance in the matter. Rule 4(b), supra, says that the summons is to be issued within three months. This does not necessarily mean that there cannot be further proceedings in the action. The defendant can breathe life into it by voluntarily making an appearance therein. Even if the motion for release of funds had not brought the defendant into court, in my opinion the filing of this document did. It was, therefore, error for the plaintiff to take a default judgment against the defendant since the answer was filed before the default of the defendant was entered.

However, it is not the defendant who moved to set aside the proceedings in the court below, nor is it he who is defending the order made by the trial court; it is a *stranger* to the main action, to wit, the garnishee. It claims standing to participate in this matter because it does not want to pay twice. The answer to that contention is that if the garnishee does not want to pay twice, it should pay the money into court and let the defendant and the plaintiff vie for the funds.

The garnishee can have no interest in the case as it pertains to the issues between the parties thereto. 38 C.J.S. Garnishment § 235. If it chose to ignore the garnish-

---

1. "Copy to District Court of Salt Lake County
   Horace J. Knowlton

Dear Sirs:                                                                              9-30-1969

This is in answer to complaint civil No. 184947.

First: You claim that we are residents of Salt Lake County or have property in Salt Lake County, State of Utah.
Answer=We moved to Pacifics, Calif. on March 8, 1965 and have been residents of Calif. since and we have never had property in Salt Lake County.

Second: Mr. Knowlton, I once told you that this bill was not mine. And that the person responsible has used or signed my name, 'whichever the case.'

Remarks: Last February, 1969, you had a wage attachment against me. I have suffered embrassment [sic], my job was jeopardized, and other personal effects.

Now: I had to hire an attorny [sic] to get my money that was held for this attachment. The same Civil No. 184947.
Please let me know if you are going to pursue this matter, 'if so,' I will let my attorny [sic] handle it. My compensation for this matter may be expensive.

4 c. c.                                                                        Ronald W. Dietrich"

ment and pay the plaintiff, it must sue the plaintiff to recover that sum but cannot move the court for a judgment in favor of the defendant and against the plaintiff.

I would dismiss this appeal and remand the case to the trial court for such further proceedings as may be just and proper. I would award costs to the appellant against the Greyhound Bus Lines.