John E. **DENNETT**, Plaintiff and Appellant,

v.

Karl **POWERS** et al., Defendants and Respondents.

No. 13904.

Supreme Court of Utah.

May 29, 1975.

John E. Dennett, Salt Lake City, for plaintiff-appellant.

Robert M. McRae, O. Robert Meredith, Salt Lake City, for defendants-respondents.

TUCKETT, Justice:

Plaintiff filed his complaint on September 13, 1972. On June 10, 1974, the defend-

ants Karl Powers and Elsie Powers appeared specially by counsel and moved that the complaint be dismissed on the ground that the summons had not been timely served pursuant to the provisions of Rule 4(b), Utah Rules of Civil Procedure, which reads as follows:

> If an action is commenced by the filing of a complaint, summons must issue thereon within three months from the date of such filing. The summons must be served within one year after the filing of the complaint or the action will be deemed dismissed, provided that in any action brought against two or more defendants in which personal service has been obtained upon one of them within the year, the other or others may be served or appear at any time before trial.

At a hearing on September 23, 1974, the court ordered that the plaintiff file evidence of service of process by October 21, 1974. The purported return of service of summons upon Bill Boudreaux and Carolyn Boudreaux was filed with the clerk on October 22, 1974. The plaintiff not having complied with the prior order of the court, the complaint was deemed dismissed.

The rule above quoted pertaining to the time of issuance and the service of summons must be complied with or the action is deemed dismissed.[1] On appeal the plaintiff does not contend that the summons was timely served, but he contends here that the defendants made a general appearance which gave the court jurisdiction. After a careful consideration of the plaintiff's contentions in this regard, we find no merit in the plaintiff's contentions.

The order of the district court dismissing the plaintiff's complaint is affirmed. Respondents are entitled to costs.

ELLETT, CROCKETT and MAUGHAN, JJ., concur.

HENRIOD, C. J., does not participate herein.

[1]. Fibreboard Paper Prod. Corp. v. Dietrich, 25 Utah 2d 65, 475 P.2d 1005.