Sharon Winn COOK, natural mother and guardian of Perris Zan Winn, Deceased, Plaintiff and Appellant,

v.

Thomas Lee STARKEY et al., Defendants and Respondents.

No. 14239.

Supreme Court of Utah.

April 21, 1976.

Pete N. Vlahos and David Knowlton, of Vlahos & Knowlton, Ogden, for plaintiff and appellant.

David K. Winder of Strong & Hanni, Salt Lake City, for Starkey and Gibb.

Vernon B. Romney, Atty. Gen., Salt Lake City, for State.

TUCKETT, Justice:

Plaintiff initiated these proceedings in the District Court of Weber County, seeking to recover for the wrongful death of her son, Perris Zan Winn. A complaint was filed on November 15, 1973, but no summons was issued. On November 8, 1974, an amended complaint was filed and a summons issued on November 19, 1974, and served on the 14th day of April, 1975. The State of Utah answered the complaint, and on stipulation of the parties the action as to the State of Utah was dismissed. The other defendants appeared specially and moved the court to dismiss the complaint on the grounds that the summons had not been served timely and in accordance with the provisions of Rule 4(b), U.R.C.P. The pertinent language of that rule is as follows:

If an action is commenced by the filing of a complaint, summons must issue thereon within three months from the date of such filing. The summons must be served within one year after the filing of the complaint or the action will be deemed dismissed, . . . .

The rule provides that a summons must issue within three months from the filing of the complaint, and the summons must be served within one year after its filing or the action will be deemed dismissed.[1]

The court below found that the service of summons was ineffective and dismissed the action. The plaintiff is here seeking a reversal.

The plaintiff could have recommenced her action by the filing of a new complaint had she elected to so do, but instead she filed an amended complaint, and she urges here that the filing of the amended complaint had the same effect as though she had started her action anew. The amended complaint relates back to the original complaint and was ineffective in commencing the time that the summons could be issued and served. Rule 15(c) so provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

The case law from this jurisdiction was to the same effect prior to the adoption of the rule[2] that an amended complaint relates back to the first complaint.

The decision of the trial court is affirmed. No costs awarded.

HENRIOD, C. J., and ELLETT, CROCKETT and MAUGHAN, JJ., concur.

---

1. *Fibreboard Paper Products Corp. v. Dietrich*, 25 Utah 2d 65, 475 P.2d 1005; *Dennett v. Powers*, Utah, 536 P.2d 135.

2. *Peterson v. Union Pacific R. Co.*, 79 Utah 213, 8 P.2d 627; *Askwith v. Ellis*, 85 Utah 103, 38 P.2d 757.