VALLEY ASPHALT, INC., Plaintiff and Appellant,

v.

ELDON J. STUBBS CONSTRUCTION, INC., Fashion Cabinets and Manufacturing, Entrada Industries, Inc., W. Trent Ridd, Tawna Ridd, Geneva Rock Products, Ashrock, Inc., Robert J. Wilson, Dorene Wilson, Provo Land Title Company, United Savings and Loan Association, Southam & Warburton Aluminum Corporation, Douglas B. Worthen, Cheryl Worthen, Bart J. Weaver, Laurie Weaver, Scott Glen Thornock, Sheilagh Glenn Thornock, Cavalier Enterprises Inc., Michael L. Carter, Carol Carter, FTS Enterprises, Inc., and Frank T. Santos, Defendants and Respondents.

No. 19404.

Supreme Court of Utah.

Feb. 21, 1986.

Harold D. Mitchell, Springville, for plaintiff and appellant.

Ray M. Harding, Jr., Pleasant Grove, James M. Jones, Richard M. Mollinet, Salt Lake City, Frederick A. Jackman, Orem, Lester A. Perry, Salt Lake City, for defendants and respondents.

HOWE, Justice:

Plaintiff appeals dismissal of its complaint as against certain defendants because it failed to issue summons on them within three months after the complaint was filed. The dismissal was made pursuant to Utah Rules of Civil Procedure 4(b).

On June 17, 1982, plaintiff filed a complaint to foreclose a mechanic's lien, naming Eldon J. Stubbs Construction, Inc., Fashion Cabinets, and ten individuals as defendants. Summons was issued on defendant Eldon J. Stubbs Construction, Inc. on August 5, forty-nine days after the filing of the complaint, and served five days later. On October 11, plaintiff amended its complaint to include other defendants. Summonses on defendants United Savings and Loan and Provo Land Title Company

were issued and served on October 12, three months and twenty-five days after the filing of the original complaint. Summonses on the remaining defendants were issued and served in March of 1983, approximately nine months after the filing of the original complaint.

Twelve of the defendants (the respondents on this appeal) who had been served in March moved to dismiss for plaintiff's failure to issue summonses on them within three months of the filing of the complaint. The motion was granted and plaintiff appeals.

Utah Rules of Civil Procedure 4(b) states:

> If an action is commenced by the filing of a complaint, summons must issue thereon within three months from the date of such filing. The summons must be served within one year after the filing of the complaint or the action will be deemed dismissed, provided that in any action brought against two or more defendants in which personal service has been obtained upon one of them within the year, the other or others may be served or appear at any time before trial.

 The rule requires plaintiff to pursue his complaint by issuing summons within three months and by serving that summons within one year after the complaint is filed. If a plaintiff fails to meet these requirements his suit is deemed dismissed. *Dennett v. Powers*, Utah, 536 P.2d 135 (1975); *Fibreboard Paper Product Corp. v. Dietrich*, 25 Utah 2d 65, 475 P.2d 1005 (1970). However, if the requirements of timely issuance and service are met as to one defendant, the rule clearly allows other defendants, whether named in the original complaint or brought in by amendment, to be served any time before trial. Were the rule interpreted otherwise, the plaintiff in an action would be virtually foreclosed from adding additional defendants after three months. We eschew inviting that harsh result.

Plaintiff issued summons against defendant Elton J. Stubbs Construction, Inc. within three months. This summons was served within one year. The remaining defendants were served before the case came to trial. That is all Rule 4(b) required plaintiff to do. The trial court erred in granting the motion to dismiss.

Reversed and remanded for further proceedings. Costs awarded to plaintiff.

HALL, C.J., and DURHAM, STEWART and ZIMMERMAN, concur.